## GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. COLUMBUS D. KINNEBREW.

### No. 597.

1. **Evidence to Vary Contract Shown by Railway Ticket—Pleading.**—The ticket delivered to the passenger was a limited ticket, not allowing stopover. The passenger testified, that the ticket contracted for and that he supposed he had bought was an unlimited ticket allowing him to stop over in Houston; that he told the agent that he wanted such a ticket. *Held,* that the evidence was admissible to show what the contract really was. The terms of the written contract are not varied when by mistake or otherwise it does not show what the contract really was. When, however, the pleadings do not set up the contract thus sought to be shown, the evidence is not admissible.

2. **Proper Charge.**—If plaintiff was wrongfully on defendant's train by reason of attempting to ride upon his ticket after its limit had expired, and by reason of his refusing to pay fare, and was put off the train without unnecessary force by the conductor, assisted by the marshal, and afterwards was at his own request restrained of his liberty until next morning, he would not be entitled to recover, and the jury should have been so charged.

3. **Reasonableness of Time Limit.**—It was error to submit to the jury the issue of the reasonableness of limitation of time for the use of the ticket, when the uncontradicted testimony showed that the time was reasonable.

4. **Measure of Damages—Stipulation in Ticket.**—The stipulation in the ticket, that the amount of fare demanded by the conductor of the plaintiff should be the measure of recovery for the violation of the contract of carriage by the defendant, is not reasonable, and would not prevent the plaintiff from recovering damages for the tort committed in ejecting him.

APPEAL from Colorado. Tried below before Hon. T. H. SPOONER.

*Brown, Lane & Jackson,* for appellant.—1. The court erred in admitting the testimony of the plaintiff, Kinnebrew, as to conversation had by him with the agent of the Gulf, Colorado & Santa Fe Railway Company at Galveston at the time of the purchase of his ticket. 1 Greenl. on Ev., chap. 15, sec. 275, et seq.; Agram v. Railway, 18 S. W. Rep., 322; Thomp. Carr. of Pass., chap. 3, notes 5, 6.

2. The court erred in its charge. Railway v. Baird, 75 Texas, 264.

3. It is competent for parties to stipulate in their contract the amount of damages which shall be recoverable on account of its breach. A common carrier of passengers can make a valid contract fixing the measure of damages for the breach of such contract, provided that damages for negligence of the carrier shall not be affected by such contract. Taylor on Priv. Corp., secs. 352, 356; Anson on Con., 255, 256, 311, 312; Eakin v. Scott, 70 Texas, 442; 2 W. & W. C. C., sec. 579; Railway v. Greathouse, 17 S. W. Rep., 837; 2 Am. and Eng. Encyc. of Law, 738.

4. A party ejected from a train, whether rightfully or wrongfully, who afterwards by his own negligence, willful misconduct, or self-

abasement aggravates the dangers of his situation and causes additional injury to his person or feelings, can not recover for such additional injury; and when the evidence indicates such conduct on part of the plaintiff, the general charge of the court on the measure of such damages should be qualified by appropriate instructions. Railway v. James, 82 Texas, 306; Railway v. Turner, 23 S. W. Rep., 83; Railway v. Cole, 66 Texas, 562; Brandon v. Mfg. Co., 51 Texas, 128; Tel. Co. v. Neill, 57 Texas, 292.

*Kennan & Adkins*, for appellee.—1. The ticket is not the whole contract, and the purchaser of a railway ticket must go to the agent for the kind of ticket he wants, and when he states his wants and is informed that such a ticket can be furnished for a certain price, and upon this representation he buys a ticket, believing from the statements of the agent that it will entitle him to passage according to his expressed wish, he has a right to rely on the agent's statement, and the agent's statement becomes an essential part of the contract. Railway v. Rather, 21 S. W. Rep., 951; Railway v. Mackie, 71 Texas, 491; Burnham v. Railway, 63 Me., 298; Id., 45 Am. Dec., 196.

2. Not having denied the allegation under oath that the agent of the Gulf, Colorado & Santa Fe Railway, who sold the ticket, was also agent for appellant for the sale of such tickets, such agency is taken as confessed. Railway v. Campbell, 1 Texas Civ. App., 609; Railway v. Tisdale, 74 Texas, 8.

3. The acts complained of by appellee in his petition amount to a tort. A common carrier of passengers can no more limit the damages to be paid by it in case of a tort committed by it or its servants while acting in the scope of their authority than it can limit the amount of its liability in case of its negligence. The stipulation is unreasonable on its face, and is founded on no consideration. Railway v. Roemer, 1 Texas Civ. App., 191; Tel. Co. v. Rosentreter, 80 Texas, 416; Railway v. Rather, supra; Railway v. McGown, 65 Texas, 640.

GARRETT, CHIEF JUSTICE.—Columbus D. Kinnebrew, plaintiff below, brought this suit to recover of the Galveston, Harrisburg & San Antonio Railway Company damages for an alleged wrongful ejection from one of the defendant's passenger trains by the conductor thereof. Plaintiff testified, that on the 5th of September, 1892, he was in Galveston, and about 7 o'clock p. m. purchased of the ticket agent of the Gulf, Colorado & Santa Fe Railway Company a ticket to San Antonio reading over the line of that road to Houston, and over the line of the defendant from Houston to San Antonio; he told the agent that he wanted a ticket that would enable him go to Houston that evening and lie over in Houston the next day, and continue the journey to San Antonio by taking the passenger train over

defendant's road which left Houston for San Antonio at about twenty minutes after 10 o'clock on the evening of September 6; and that he did not ask for a ticket at reduced rates. That the agent sold him a ticket, for which plaintiff paid the price demanded; he did not read the ticket when it was delivered to him, and if he had attempted to do so he would have missed the train. That the agent selling him the ticket told him that he could lie over in Houston the day of the 6th, and take a train on defendant's road at about 10:20 o'clock that night; and said nothing about the ticket being limited.

The ticket sold to plaintiff was a coupon ticket reading over both lines, and had a coupon for each of them. It provided on its face, that it would not be honored over any road over which it read unless presented in time to reach its destination by or before midnight of the 6th of September; it further provided, that it was subject to the stopover regulations of the defendant, and that "no agent or employe of any line named in this ticket has any power to alter, modify, or waive any conditions of this contract." Plaintiff was ejected from defendant's train at Eagle Lake, in Colorado County, after midnight of the 6th of September, because the time to which the use of the ticket had been limited had expired. Plaintiff also testified, that he told the conductor before he was ejected that he had bought the ticket from the agent at Galveston with the understanding that plaintiff could stop over in Houston that day; and that the conductor replied, no matter what the agent had said, the ticket did not show anything of the kind, nor any authority to make such arrangements.

Defendant objected to the admission of the testimony of the plaintiff as to the conversation had by him with the agent of the Gulf, Colorado & Santa Fe Railway Company at Galveston when the ticket was bought; because "(1) said testimony had the effect to vary and alter the terms of the written contract expressed by the ticket used, and had the effect of substituting another and different contract from that contained in the ticket; and (2) there was no evidence showing any authority in said agent to make such different contract, or to vary the terms of the ticket sold, such authority being expressly denied under oath in defendant's answer."

As related by the plaintiff, the testimony showed that he had made a contract with the agent at Galveston for a ticket which would entitle him to stop over at Houston during the day of the 6th of September. It seems that the ticket actually delivered did not evidence this arrangement. Evidence was admissible to show what the contract really was, and it is not considered that in receiving it the terms of a written contract expressed by the ticket are varied, when by mistake or otherwise it does not show that the passenger is entitled to be carried as contracted for. Railway v. Mackie, 71 Texas, 494. Evidence that the plaintiff accepted the ticket and did not read it would be admissi-

ble on the issue of contributory negligence. We will observe here, however, that the evidence complained of above was not admissible under the allegations of the pleadings, which do not set up any such contract as that testified about, and as the judgment of the court below must be reversed for other reasons, we deemed it proper to call attention thereto in view of another trial. The evidence was sufficient to show that the Gulf, Colorado & Santa Fe Railway Company had authority to sell tickets over defendant's line both limited and unlimited, and having such authority, it could contract with the plaintiff for the kind of ticket that he wanted. Plaintiff alleged in his petition, as a ground for recovery, that defendant's conductor caused the marshal of the town of Eagle Lake to arrest him, and that he was kept under arrest by said marshal until about 8 o'clock of the morning of September 7th, about seven hours; and "was arrested and detained in the custody of the law like a common malefactor, from all of which plaintiff suffered bodily pain, and endured great mental anguish and anxiety, and suffered great shame and humiliation," etc.

Defendant answered, that its conductor did not direct the marshal to arrest and detain the plaintiff, and that if he was detained as alleged, such detention resulted from his own "foolish, reckless, and willful conduct." There was evidence on this issue to the effect, that after the conductor had ejected plaintiff he got back on the car, and the conductor called for the town marshal, and told him to hold plaintiff there; and that the marshal kept him there that night. Plaintiff stated that he considered himself under arrest until the next morning, though the marshal had left him at the hotel during the night, and that the expulsion and arrest were very humiliating to him. There was evidence that he asked the marshal to lock him up, and told him he had better lock him up. There was other evidence as to expressions and conduct tending to show that he wanted to make a case against the defendant and to aggravate the damages. Under this state of the pleadings and evidence, the defendant requested the following instructions to the jury:

"11. You are further charged, that if you find from the evidence under the instructions heretofore given that the plaintiff was wrongfully upon defendant's train by reason of his attempting to ride upon his ticket after its limit had expired, and by reason of his refusing to pay fare when demanded by the conductor, and on that account was ejected without unnecessary force or violence by said conductor, assisted by the marshal at Eagle Lake, and that after such ejection plaintiff at his own instance and request was detained and restrained of his liberty by said marshal until the morning of September 7, 1892, then plaintiff is not entitled to recover anything in this case, and you will return a verdict for the defendant.

"12. You are further instructed, that if you find from the evidence under the instructions heretofore given you that plaintiff was properly on the train of defendant, from which he was ejected, by virtue of his ticket, and that he was entitled to be carried to San Antonio on said train, and that he was improperly and wrongfully ejected by defendant's conductor and the marshal at Eagle Lake, but that after such wrongful ejection the plaintiff was detained by said marshal at his own request, and thus restrained of his liberty until the morning of September 7, 1892, then defendant is not liable to plaintiff for such subsequent detention and restraint."

Both of the above instructions should have been given. The first, because, although he may have been wrongfully upon the defendant's train and the ejection was lawful, still the defendant would be liable to plaintiff for the use of greater violence than was necessary in putting him off the train, and for causing him to be wrongfully arrested and subjected to indignities. It is true that the charge in chief does not submit such an issue, but the petition sets up the arrest as a ground of complaint, and there was evidence which made the issue. Upon the hypothesis that plaintiff was rightfully upon the train and the ejection was unlawful, plaintiff could not aggravate the damages by causing himself to be arrested and detained by the marshal at his own request. It is also questionable if he could recover damages at all for the second ejection. Am. Dig. 1892, 657, citing Railway v. Olds, 40 Ill. App., 421.

The charge of the court complained of under the third assignment of error is correct as far as it goes, and submits the case to the jury substantially as authorized by the opinion of the court in Railway v. Mackie, supra.

There was no question as to the reasonableness of the limitation of time for the use of the ticket, and the uncontradicted testimony showed that the time was reasonable. It was therefore error to submit this issue to the jury, as was done by the court in its affirmative submission of the defense.

The stipulation in the ticket, that the amount of fare demanded by the conductor of the plaintiff should be the measure of recovery for the violation of its contract of carriage by the defendant, would not prevent the plaintiff from recovering damages for the tort committed in ejecting him. We think, also, that the stipulation is not a reasonable one. Tel. Co. v. Rosentreter, 80 Texas, 416.

We do not think it necessary to notice any of the remaining assignments of error. The case of Railway v. Mackie, above cited, illustrates the questions that are likely to arise on another trial. In Railway v. Rather, 3 Texas Civil Appeals, 72, the above case and others bearing on the question are collected.

For the errors herein before pointed out, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 21, 1894.