## TEXAS & PACIFIC RAILWAY COMPANY v. MRS. J. T. WYNN.

### Decided October 24, 1906.

1.—Carrier of Passengers—Contract—Ticket.

Evidence that plaintiff applied and paid for a round-trip ticket over several connecting lines from Paris, Texas, to Marietta, Georgia, and return, and was given, as such ticket, a contract, which she signed, for transportation over defendant's road from Paris to Shreveport, La., with an order on a connecting road there for a ticket for the rest of the journey, which she supposed to be the through round-trip ticket, but on which she was refused transportation by connecting lines beyond Shreveport, was sufficient to show a contract by defendant to deliver the sort of ticket called for. Plaintiff was entitled to assume that what was given her, and signed, was such ticket, and not a mere order for one, and was not bound by the written contract signed by her in ignorance.

2.—Passenger—Damages—Ticket—Proximate Cause.

Discomfort, exposure, inconvenience and sickness, caused to a passenger through being refused transportation, were proximate results of giving her a ticket not such as defendant had agreed to sell her, and damages therefor were recoverable.

Appeal from the District Court of Lamar County. Tried below before Hon. T. D. Montrose.

*T. J. Freeman* and *Head, Dillard & Head,* for appellant.—There was not sufficient evidence that a contract of the kind submitted in the charge, was ever made between plaintiff and defendant to sustain the verdict. International & G. N. Ry. v. Best, 93 Texas, 344; Abram v. Gulf, C. & S. F. Ry., 83 Texas, 61; Gulf, C. & S. F. Ry. v. Looney, 85 Texas, 158; Houston & T. C. Ry. v. Arey, 18 Texas Civ. App., 459; Delaware Ins. Co. v. Harris, 64 S. W. Rep., 867.

The stipulation in the contract that the agent should not have power to alter, modify or waive its provisions, was binding on plaintiff, and she could not relieve herself from complying with its requirements by relying upon anything he may have said or done. International & G. N. Ry. v. Best, 93 Texas, 344; Delaware Ins. Co. v. Harris, 64 S. W. Rep., 867.

The damages for discomfort, exposure, inconvenience or sickness caused by her being delayed at Birmingham in an endeavor to recover the money she had paid the conductor between Meridian and Birmingham were not proximately caused by the act of defendant's agent. International & G. N. Ry. v. Best, 93 Texas, 344; Texas & Pac. Ry. v. Bigham, 90 Texas, 223, and numerous subsequent cases based thereon, notably, 72 S. W. Rep., 159; 74 S. W. Rep., 58; Ib., 69; 78 S. W. Rep., 372; 97 Texas, 619.

*Moore, Park & Birmingham,* for appellee.—The court did not err

in submitting to the jury the issue of whether or not defendant contracted and agreed to sell appellee a ticket of the character and kind described in her petition. Gulf, C. & S. F. Ry. Co. v. Copeland, 17 Texas Civ. App., 58; St. Louis, A. & T. Ry. Co. v. Mackie, 71 Texas, 491; Gulf, C. & S. F. Ry. Co. v. Rather, 3 Texas Civ. App., 72; Gulf, C. & S. F. Ry. Co. v. Halbrook, 12 Texas Civ. App., 481.

Appellee having signed the written contract relied on by appellant, under the belief induced by the misrepresentation of the latter's agent, that it was "all right," that is, that it was a round trip ticket from Paris, Texas, to Marietta, Georgia, and return, and having no actual knowledge to the contrary, she was not bound by the terms of said contract, and the court did not err in refusing to give special instructions numbers 6 and 7 asked by appellee. Mexican Cent. Ry. v. Goodman, 43 S. W. Rep., 580.

The discomfort, exposure, inconvenience and sickness suffered by appellee at Birmingham, Alabama, in an endeavor to recover the money she paid the conductor of the Alabama Southern Railroad Company as extra fare between Meridian and Birmingham, were the result of the appellant's wrong and breach of contract in furnishing appellee with an exchange order for a ticket, instead of a ticket from Paris, Texas, to Marietta, Georgia, and return. Gonzales v. City of Galveston, 84 Texas, 5; Eames v. Texas & N. O. Ry. Co., 63 Texas, 663; Jones v. George, 61 Texas, 346.

EIDSON, ASSOCIATE JUSTICE.—This is an action brought by the appellee in the court below against appellant for damages for failure to sell her a round trip ticket from Paris, Texas, to Marietta, Georgia. There was a trial before a jury resulting in a verdict and judgment in favor of appellee for $150. The testimony of appellee, although in conflict with that of appellant's witnesses, justified the paragraph of the court's charge complained of in appellant's first assignment of error, and supported the verdict of the jury in finding that appellant contracted with appellee to sell her a round trip ticket from Paris, Texas, to Marietta, Georgia, and not a ticket or contract of the kind which was delivered to her. Hence we overrule appellant's first and second assignments of error.

In our opinion appellee's testimony shows a contract with appellant's agent whereby he agreed to sell her a round trip ticket from Paris, Texas, to Marietta, Georgia, over what was known as the "Southern route," and appellee, having paid for such ticket, had the right to assume that the ticket delivered to her conformed to the contract. As said by Chief Justice Fisher in delivering the opinion of this court in the case of Gulf, C. & S. F. Ry. Co. v. Copeland, 17 Texas Civ. App., 58: "The carrier rests under the duty to the passenger to furnish him with a ticket correctly stating the terms of the contract; and the passenger can, in the absence of actual notice to the contrary, assume that this duty has been observed, and in such a case he will not be charged with the duty of inspecting the ticket in order to see that the carrier has performed its duty. This is essentially a fair rule, for the passenger has little if any authority in prescribing the form of the ticket and what it shall state in substance. The carrier reserves to itself the right to

furnish the ticket and to stipulate what it shall state; and when the carrier retains this right without granting an equal privilege to the passenger to participate in furnishing the evidence of his right to transportation, it is nothing but fair that the passenger should not be made to suffer for any mistake or failure of duty upon the part of the carrier in furnishing him with a ticket embracing the true terms of the contract. The general rule that one shall be governed by the terms of the written contract which he is a party to, and is presumed in becoming a party to it to understand and assent to all of its terms, does not always apply in cases of this character, for, in truth, whatever may. be the theory to the contrary, the passenger and the carrier do not always stand upon an equal footing. A ticket which seeks to contravene or limit the rights of the passenger as agreed upon in the contract actually made is an unreasonable imposition which should receive no more recognition in law than any other unreasonable regulation or contract of the carrier, and those of the latter class are never permitted to go unchallenged or uncondemned by the courts." This doctrine is also laid down in the cases of St. Louis, A. & T: Ry. v. Mackie, 71 Texas, 491; Gulf, C. & S. F. Ry. v. Rather, 3 Texas Civ. App., 72, and Gulf, C. & S. F. Ry. v. Halbrook, 12 Texas Civ. App., 481.

The special charges, refusal of which is complained of in appellant's third and fourth assignments of error, were inapplicable to the facts of this case, and therefore properly refused. Appellee was not asserting any rights under the ticket delivered to her, and therefore was not bound by any of its provisions.

There was no error in the action of the court below in refusing to give to the jury appellant's special charge number 5. In our opinion appellee's testimony shows that the failure of appellant to give to her the ticket she was entitled to under her contract with it was the proximate cause of the discomfort, exposure, inconvenience and sickness suffered by her at Birmingham, Alabama; and hence appellant should be held liable in damage therefor.

We find no reversible error in the record, and therefore the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.