HOUSTON & TEXAS CENTRAL RAILWAY COMPANY v. LODIA SNEED LEE ET AL.

No. 2170. Decided February 1, 1911.

**1.—Passenger—Ticket—Contract—Waiver by Agent.**

A round trip passenger ticket, embracing the terms of the undertaking for transportation, provided that "no agent has any power to modify or waive in any manner the conditions of this contract" and that "this contract must be signed in manuscript with ink by the person who is to use this ticket and not by another for him or her." The ticket was purchased for and delivered to the husband of the passenger, who was told by the agent that he could sign her name thereto for her and did so. The agent at destination refused to stamp it for return passage, which was required to validate it for such purpose, because it had not been signed by the passenger tendering it. Held, that the passenger was bound by the terms of the contract evidenced by the ticket, and had notice thereby that no agent could waive the requirement as to signature, and had no action for being refused transportation, though offering to the agent evidence of her identity as the one who had traveled on the ticket and for whom it was bought. International & G. N. R. Co. v. Best, 93 Texas, 344, followed. (Pp. 83-86.)

**2.—Same—Discourtesy of Conductor.**

Though the ticket held by the passenger did not entitle her to transportation, she might recover damages if the conductor acted harshly and rudely in refusing it and requiring her to leave the train. (P. 86.)

**3.—Evidence—Irresponsive Answer.**

An answer of a witness, not responsive to the question as to what a conductor said or did, and giving only the witnesses conclusions as to the impressions made by his conduct upon others, should have been excluded on objection. (P. 86.)

Error to the Court of Civil Appeals, Third District, in an appeal from Travis County.

Lee and wife sued the railway company and had judgment. It was affirmed on appeal by defendant, who thereupon obtained writ of error.

*Gregory, Batts & Brooks, J. H. Hart,* and *Baker, Botts, Parker & Garwood,* for plaintiff in error.—Since the ticket constituted a valid contract, and provided that it should be signed on the back by the party using it who signed the face thereof, and further provided that no agent or representative of the railroad company had a right to alter, change or waive any of the provisions thereof, any statement of the agent at Jennings changing or varying the terms of the ticket was outside of the scope of his authority. International & G. N. R. Co. v. Best, 93 Texas, 348; Ketcheson v. Southern Pac. Ry. Co., 19 Texas Civ. App., 288; Reed v. Texas & N. O. R. Co., 50 S. W., 432; Abram v. Galveston, H. & S. A. Ry. Co., 83 Texas, 61; Mosher v. St. Louis, I. M. & S. Ry., 127 U. S., 390; Rose Notes (U. S. Sup. Ct.), Vol. 11, 582

*Warren W. Moore* and *Kyrie Thrasher,* for defendants in error.— The selling agent of this ticket was the agent of the appellant in making the sale and appellant is bound by his acts and instructions in the sale of the ticket—for his mistakes, negligence or wrongful instructions in making the sale. Railway Co. v. Mackie, 71 Texas, 491; Railway Co. v. Martino, 2 Texas Civ. App., 634; Railway Co. v. St. John, 13 Texas Civ. App., 257; Railway Co. v. Dennis, 4 Texas Civ App., 90.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

A. T. Lee and his wife, Lodia Sneed Lee, lived at the town of Jennings, in Louisiana, which was on the line of the Morgan's Louisiana & Texas Railroad and Steamship Company, Louisiana Western Railroad Company. Mrs. Lee desired to visit Austin, Texas, and, on the 22d day of December, 1907, her husband, A. T. Lee, went to the ticket office of the railroad company at the above named place to buy for her a round trip ticket. She was to start on the morning of the 23d of December from that depot. Lee made a purchase of the ticket from H. L. Davis the agent of the railroad company at that place and the ticket was prepared, filled out in every way and signed by the agent, but not signed by Mrs. Lee nor by Lee. The agent wrote on the ticket to identify it "Mrs. Lee." When Lee and his wife went to the depot for her to take passage to Austin, Texas, a different man was in the office, a night agent whose name is not given, and Lee applied for the ticket which was handed to him and he was told by the agent that he could sign his wife's maiden name to the ticket for her. The price of the ticket was paid by Lee. There is nothing to show whether Lee read the ticket or not, except, as stated by the Court of Civil Appeals, that the time was so short between the delivery of the ticket and the departure of the train that he would not have had time to read so long a document. Mrs. Lee took passage on that railroad to Houston, Texas, and from Houston to Austin on the plaintiff in error's train. When her visit had terminated Mrs. Lee went to the depot of the plaintiff in error and presented her ticket to be stamped by the agent at Austin. When she

signed it she wrote the name of "Mrs. A. T. Lee." The given name was not the same, nor did it appear to have been in the same hand-writing. The agent refused to stamp the ticket because of that fact. Mrs. Lee offered to identify herself and to prove that she was the party for whom the ticket was intended and that she had ridden on it from Louisiana to Texas, a lady who accompanied her being present with her. The agent refused, however, to stamp the ticket and she then went into the car to take passage, after which the agent came in and had a talk with the conductor and the conductor informed her that she would have to retire. She claims that he treated her very abruptly and unkindly and mortified her by the manner of his treat-ment. He required her to leave the train and she brought this suit for damages.

At the head of the ticket is printed the following words: "Read your ticket carefully." "2nd. It will not be accepted for passage unless this contract is signed in ink by the purchaser, and also by the agent for the issuing company." "3rd. This company is not responsible beyond its own line."

There are many other provisions of the ticket which do not bear upon the question before this court and therefore we will not incumber the record by copying them in this opinion. The 10th provision reads: "No agent or employee of any of the lines named in this ticket has any power to alter, modify or waive in any manner, any of the conditions of this contract." "This contract must be signed in manuscript with ink by the person who is to use this ticket and not by another for him or her."

The terms of the ticket which was issued by the railway company to Mrs. Lee constitutes a contract between herself, her husband and the carriers named in the ticket. The terms are definite and unques-tionably come within the terms of many decisions upon that question. 6 Cyc., 574; Howard v. Chicago, etc., R. Co., 61 Miss., 198; Boling v. St. Louis & S. F. R. Co., 189 Mo., 219, 88 S. W., 38. In the ticket it was specified that no agent of either of the railroads on whose behalf the ticket was issued had authority to alter or vary the terms of the contract. 6 Cyc., 674. The general rule of law that the terms of a written instrument can not be varied by parol agreement made at the time the contract is entered into is applicable to this class of contracts, and, in addition, the decisions of the courts, generally, have made specific application of the rule to contracts of this character. In the making of this contract the purchaser was warned that the agent with whom he was then dealing had no authority to make any change in the terms of that instrument. The railroad companies had formulated a ticket applicable to both roads and had empowered the agent at Jennings to issue that ticket, definitely and specifically denying to him any authority to make changes in it. Not only was the agent thus restricted in his authority but the purchaser was warned of the fact that the person with whom he or she was dealing at the time had no authority whatever from either road to vary the terms of the contract expressed in the ticket and such purchaser was equally bound by that contract with the railroad itself. International & G. N. R. R. Co. v. Best, 93 Texas, 344. In the case just cited the

facts, briefly stated, were that a railroad ticket was issued by the Missouri, K. & T. Ry. Co. at Dallas over its own line and the line of the International & G. N. R. R. Co. to San Antonio and return, which must be continuous after it had been commenced. In the face of the ticket was printed in plain language that no agent of the company had authority to vary the terms of that contract. On the return trip Best was accosted by a conductor on the International & G. N. Railroad and asked if he would like to stop over at Austin, and, finally, the conductor endorsed on the ticket words which indicated the right of the passenger to stop at Austin and resume his journey afterwards. Best did stop at Austin and on the next day when he resumed his journey he was carried by the International & G. N. R. R. Co., to its connection with the Missouri, K. & T. Ry. Co., but when he presented his ticket on the last named company's road it was rejected because he had broken his return trip by stopping at Austin. Out of this state of facts grew a suit against the two roads, the question being certified to this court, in answer to which Judge Williams said:

"We answer that the facts stated show no right of recovery against appellant. The ticket constituted the contract between the two railroad companies and the passenger, and, by its terms, restricted the right of appellee to a continuous trip from San Antonio to Dallas, and notified him that no agent or employee had power to modify such contract. Negligence of the conductor in representing the contract to confer a right which on its face it plainly denied can not be held to be the negligence of appellant, since his act was unauthorized. Appellee could not properly rely on such representation as being within the apparent scope of the conductor's authority, for the reason that the contract itself plainly showed that no such authority existed. It could be properly held, under the authorities, that such act or representation did not bind appellant even to carry appellee over its own road after he had broken his trip by stopping at Austin. Petrie v. Pennsylvania R. Co., 42 N. J. L., 449; Gulf, C. & S. F. Ry. Co. v. Henry, 84 Texas, 678."

If the writer were to undertake to add force to the very clear language copied above he would find himself wholly unable to accomplish such purpose; it covers the case now before the court in all of the aspects presented to us.

There is in fact no difference in principle between the Best case and this case. The only difference is that the statement in this case has reference to a change in the provision for the identification of the party at the terminal station for a return trip which was forbidden by the terms of the contract, while in the Best case the verbal authority given by the conductor to stop off at Austin was equally forbidden in practically the same terms. If the purchaser of the ticket on the International & Great Northern Railroad Company was required to take notice that by the terms of his contract the conductor had no authority to vary those terms, then it must be true that the purchaser of the ticket in this case was equally charged with notice of the terms of the contract and with notice of the provision that the agent with whom he was dealing was acting beyond the line of his authority when he stated to him that he could sign his wife's name to the ticket which

was most emphatically and positively forbidden in the face of the instrument itself.

Argument can not add force to the facts of this case and to the rule of law which has been laid down by this court in the Best case cited above, which is sustained by the authorities so far as the writer has been able to find. It is the office of the courts to declare the law which is to govern parties in the exercise of their rights under contracts made and entered into by them and not to vary from the rules already established on account of any supposed public policy and inconvenience of the parties. The question of convenience or inconvenience growing out of the terms of a contract must be considered by the parties who make the contract at the time it is entered into and can not be considered in the interpretation of it by the court when its language is not ambiguous.

From what we have said the conclusion follows that the trial court erred in refusing to give this special charge requested by the plaintiff in error:

"You are instructed that under the provisions of the ticket involved in this suit no agent or representative of the railroad company issuing it had a right to alter, change or waive any of the provisions thereof, and you are instructed that in case the agent or agents of the railroad which sold the ticket in controversy at Jennings, La., represented to one or both of the plaintiffs that plaintiff, A. T. Lee, could sign his wife's name to said ticket, then you are instructed that said agent had no authority to give such instructions to said plaintiff or plaintiffs, and that they were of no effect, and did not authorize the said A. T. Lee to sign his wife's name or his wife's maiden name to the ticket in question, in view of the fact that the ticket provided upon its face that only the party using same could sign same."

There is evidence in the record to support the claim that the agent at Austin and the conductor dealt harshly and rudely with the plaintiff, which, if true, would give a right of action. Although the conductor had the right to remove Mrs. Lee from the car, he was required to do so in a proper manner, and if he treated her rudely or subjected her to any indignity, she can recover therefor.

The plaintiffs' counsel propounded to her this question: "Now, if the conductor said or did anything that was ungentlemanly and rough or rude, tell the jury what it was." To which she answered: "Well, he just gave everybody round to understand the ticket was no good, and just as much as to say I was traveling on a bogus ticket, and everyone around where I was said they did not see how they could put anybody off on such a ticket as that."

Defendant's counsel objected to the answer, "Because it embraced a conclusion of the witness, and was immaterial and irrelevant, and not reponsive to the question, which asked only for what the conductor said and did, and because only what was said and done by the conductor was admissible."

The objection should have been sustained. The answer did not respond to the question, and stated only witness's conclusion as to impressions made upon others. The answer should have been excluded.

The judgments of the District Court and of the Court of Civil

Appeals are reversed and the cause is remanded for trial in accordance with this opinion.

*Reversed and remanded.*

Mr. Justice Ramsey not having heard the argument in this case, does not participate in the decision.