CHICAGO, R. I. & G. RY. CO. v. HOWELL.
(No. 1283.)

(Court of Civil Appeals of Texas.   Texarkana.
April 1, 1914.   Rehearing Denied
April 16, 1914.)

1. APPEAL AND ERROR (§ 699*)—QUESTIONS
REVIEWABLE—RECORD.

Where the record does not show any requested peremptory instructions for appellant, an assignment of error to the refusal of the court to give a requested peremptory instruction must be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2928–2930; Dec. Dig. § 699.*]

2. EVIDENCE (§ 429*)—PAROL EVIDENCE—VARYING WRITTEN INSTRUMENTS—ADMISSIBILITY.

Where, through mistake, fraud, or negligence, a ticket agent failed, without the knowledge or consent of a passenger, to incorporate into a ticket the real agreement between the parties, parol evidence was admissible to show the true contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1969–1971, 1973, 1974; Dec. Dig. § 429.*]

3. CARRIERS (§ 258*)—PASSENGERS—TICKETS—CONTRACTS.

Where a passenger ticket purports to be a contract ticket offered for a consideration of a reduced rate, the passenger is bound by its lawful stipulations.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1035, 1036; Dec. Dig. § 258.*]

4. CARRIERS (§ 252*)—PASSENGERS—TICKETS—CONTRACTS.

Where a carrier authorized its agent to place on sale two kinds of return trip tickets containing different date limits, and established rates for each class of tickets, the carrier could not discriminate against a passenger by refusing to sell him a ticket of either class as he might demand.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1009, 1010, 1015; Dec. Dig. § 252.*]

5. CARRIERS (§ 252*)—PASSENGERS—TICKETS—CONTRACTS.

A ticket agent authorized to sell two kinds of return trip tickets, with different date limits for the return trip, must issue a ticket providing for the time limit demanded by a passenger, and, where the agent inserts, without the fault of the passenger, an erroneous date limit for return, the passenger may recover the damages sustained.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1009, 1010, 1015; Dec. Dig. § 252.*]

6. CARRIERS (§ 277*)—PASSENGERS—TICKETS—CONTRACTS.

Where a passenger who contracted for a return ticket, good until October 31st for the return trip, received, without his knowledge, a ticket fixing the limit as September 15th for the return trip, and, on attempting to make the return trip after September 15th and before October 31st, he was compelled to pay cash fare, he could recover the amount of the cash fare, less any sum which he failed to pay to obtain a ticket with October 31st as the limit for the return trip.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1082–1084; Dec. Dig. § 277.*]

7. APPEAL AND ERROR (§ 719*)—ASSIGNMENT OF ERROR—FUNDAMENTAL ERROR.

The error arising from an award of excessive damages based on a mathematical computation is fundamental, and will be considered on appeal, though there is no assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by W. H. Howell against the Chicago, Rock Island & Gulf Railway Company. From a judgment for plaintiff, defendant appeals.   Reformed and affirmed.

This is an action brought by appellee against the railway company to recover damages for wrongful failure to furnish him with a round-trip ticket from Dallas, Tex., to Seattle, Wash., correctly stating the terms of the contract in respect to the date of the return limit.   There was a trial to a jury, and the verdict was in favor of appellee for $104.

The substantial facts established by the evidence are that appellee and his wife desired to visit relatives in Seattle, Wash. With this trip in view, the husband, on June 4, 1911, went to the ticket office of appellant and inquired of the ticket agent as to the designated routing and price and return date limit of a round-trip ticket to Seattle.   The ticket agent of appellant informed the husband that the appellant company had on sale two kinds of tickets having the same designated route from Dallas to Seattle and return, and explained to him the routing, price, and return date limit.   When filled out one of the coupon tickets would fix the return date limit to September 15th after the date of the ticket, and the other ticket would fix the return date limit at October 31st.   The price of the first ticket was set by the company at $70 for the round trip, and the second was set at $81.25 for the round trip.   The husband returned to the ticket office on June 5th and inquired further concerning the tickets, routing, and date limit, and was informed thereof, as before, by the agent.   Appellee testified that again on June 6th he returned to the ticket office and stated to the ticket agent that he desired to and would purchase two round-trip tickets over the designated routing which would provide for and fix the return date limit of October 31st, and the agent agreed to make out and sell him two round-trip tickets over the routing stated fixing the return date limit at October 31st, and that after the terms of the agreement were thus reached between them the agent proceeded to draw up the tickets, and after he had finished he handed them to appellee, who signed his name on one and his wife's name on the other.   This, appellee said, was at about 3 o'clock, and he and his wife were to prepare to leave on the train leaving at 6 o'clock following.   He further said he did not read over the tickets before signing, and that the contents were not explained to him by the agent, and that he relied on the tickets exhibiting the full terms

of the agreements as to the fixed date limit of return being October 31st. The appellee and his wife went on the trip, and on October 3d, intending to return, presented the tickets at the validating office, and were there informed that the tickets had expired as read from the face of the tickets. Appellee had not read the tickets, and this was the first time that he had actual knowledge that the return date limit appeared in the tickets as September 15th. The tickets were not honored, and appellee had to pay $104 railway fare for himself and wife back to his home over the same route. There is a conflict, however, between the evidence of appellee and of the ticket agent in respect to the agreement of fixing the date limit of return. The agent testifies that appellee selected the date limit of return of September 15th and asked him to fix that date in the tickets, stating that it was cheaper, and that he agreed to do so and did do so in accordance with the agreement. And the agent further says that he explained to appellee, before signing, that that date was in the tickets. Appellee denies the statement of the agent. This conflict was settled by the jury in favor of appellee, and accordingly we adopt the finding of the jury.

We make the findings of fact, as supported by the record, that on June 6, 1911, the appellant's ticket agent contracted with appellee to sell and deliver to him two round-trip tickets from Dallas, Tex., to Seattle, Wash., over the particular routing therein, with the fixed return date limit at October 31, 1911, and that the ticket agent negligently failed to insert in the face of the tickets the true agreed fixed date of October 31, 1911. The tickets agreed to be sold and purchased were tickets fixed and authorized by the appellant to be sold alike to the general public over the designated routing and at the reduced price established by appellant. Appellee suffered the damages allowed by the jury, and the evidence warrants the amount.

Lassiter, Harrison & Rowland and Bennett Hill, all of Dallas, for appellant. Wood & Wood, of Dallas, for appellee.

LEVY, J. (after stating the facts as above). [1] The first assignment predicates error upon the refusal to give a requested peremptory instruction to the jury to return a verdict for appellant. As the record here does not contain or show any requested peremptory instruction, we cannot assume that one was presented and refused by the court, and the assignment must be overruled.

[2] The second and fourth assignments, here considered together, predicate error in allowing the appellee to testify with reference to negotiations and terms of agreement between himself and the agent of appellant concerning the purchase of the two tickets, because the tickets furnished appellee were in writing and constituted written contracts, and such testimony had the effect to vary and contradict the written terms. The petition of appellee alleged that, through mistake, fraud, and negligence on the part of the ticket agent of the appellant, occurring without the knowledge or consent of appellee, there was failure by the agent to incorporate into the tickets the true and real agreement fixing the return date limit as October 31st. To support the allegations supplementary evidence is competent to show what was the real contract indicated by the tickets. Railway Co. v. Kinnebrew, 7 Tex. Civ. App. 549, 27 S. W. 631; Railway Co. v. Halbrook, 12 Tex. Civ. App. 475, 33 S. W. 1028; Railway Co. v. Wynn, 44 Tex. Civ. App. 29, 97 S. W. 506. The assignments are overruled.

[3-5] The third assignment predicates error in submitting to the jury the issue as to whether the agreement between appellant's ticket agent and the appellee was that the return date limit extend to October 31st. This point is based on the contention that parol evidence was inadmissible to modify or change the stipulation of the return limit of September 15th expressed in the face of the ticket. Under the pleading and the evidence there was an issue for the jury, and the assignment is overruled. When the ticket purports to be a contract ticket offered under the consideration of reduced rates, it is not doubted that the passenger would be bound by its lawful stipulations. Railway Co. v. Lee, 104 Tex. 82, 133 S. W. 868. In that case the question was not what was the true contract within the authority of the agent to make between the company and Lee, as is here, but whether the stipulation in the ticket offered of: "(2) It will not be accepted for passage unless this contract is signed in ink by the purchaser and also by the agent for the issuing company"—could be varied or waived by an issuing agent having no authority to do so. The question presented by the facts in the instant case is entirely dissimilar. Here the railway company had authorized the ticket agent to place on sale two kinds of tickets—one to have and contain a date limit for return of September 15th, and the other of October 31st. Having established the rates and time limit within which the tickets should be used, and offering such character of contract tickets to the public for choice, the company could not lawfully discriminate against appellee by refusing to sell him a ticket under either contract according to his choosing of return dates. And the ticket agent in the proper performance of his duties for the company was clothed with the authority to agree on the part of the company with appellee in respect to the issuance of a ticket providing the particular time limit within which the ticket should be used. And if appellee made selection of the time limit of October 31st, as authorized by the company, it was incumbent upon the ticket agent to issue the ticket pro-

viding such time limit. Having shown by the evidence on his part a breach of the real contract between the appellant and himself occurring through the fault of the appellant's agent, appellee was entitled to have the issue of what was the real contract submitted to the jury. This exhausts the extent of the assignment.

[6, 7] While the matter of excessive damages is not made the basis of assignment, yet we believe it is a matter of fundamental error here. The fares paid back home amounted to $104. To entitle appellee to an October 31st limit he was owing and should pay $162.-50, which was $17.50 more than the proof shows he paid. This $17.50 should be deducted from the $104, making appellant owing $86.50. , A carrier is not authorized to sell for less than the established rate to all, and the passenger is required to pay the same fare paid by all. It is not lawful to contract otherwise. The judgment is therefore here reformed so as to allow appellee a judgment for $86.50, with interest, and as so reformed will be affirmed; but appellant, by reason of the error, should recover the cost of this appeal, and it is so directed.