## Williams v. Ezzell.

(Decided September 25, 1925.)

### Appeal from McCracken Circuit Court.

Elections—Appeal from Judgment Dismissing Election Contest will be Dismissed, where Contestant Showed no Excuse Preventing Him from Executing Bond on Day Required by Statute.—Ky. Stats., section 1550, subsection 28, providing that party desiring to appeal from judgment in election contest shall on same day after same is rendered execute a supersedeas bond, is mandatory, and appeal from judgment dismissing election contest will be dismissed for want of jurisdiction, where contestant showed no casualty or misfortune, or circumstances beyond his control, which prevented him from executing bond on day required by statute.

W. A. BERRY and WHEELER & HUGHES for appellant.

EATON & BOYD for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Appeal dismissed.

In the late August primary, appellant and appellee were opponents for the nomination for tax commissioner of McCracken county on the Democratic ticket. The appellee, receiving the largest number of votes on the face of the returns, was awarded the certificate of nomination. Appellant thereafter filed this contest proceeding on the sole ground that the appellee was not eligible to fill the office. As the facts were not in dispute, the case was submitted to the trial court on a demurrer to the notice and grounds of contest. The trial court on September 1, 1925, entered a judgment dismissing the contest and granting the appellant an appeal to this court. On September 8th following appellant filed with the clerk of the lower court a supersedeas bond, and the record was then promptly transmitted to this court. Appellee thereupon made a motion in this court to dismiss this appeal, on the ground that the supersedeas bond had not been filed in

time as required by the statute. This motion will have to be sustained. Section 1550-28 of the Kentucky Statutes provides how contests in these primary elections shall be conducted. Among other things this section provides:

"The court shall immediately, after the evidence is concluded, consider said contest and determine the same, and his judgment shall be filed in the office of the circuit court clerk as the judgment of the court, and shall have the same force and effect as a judgment rendered by the court in term time. The party desiring to appeal from the judgment of the court shall, on the same day after the same is rendered, execute a supersedeas bond in the same form and to the same effect as other supersedeas bonds in other civil actions for an appeal to the Court of Appeals, and the clerk shall immediately thereafterwards transmit to the clerk of the Court of Appeals the original papers in said contest, . . . and said record of said contest when received by the clerk of the Court of Appeals shall be immediately delivered to the chief justice, and said contest shall have precedence over all other business and causes then pending in the Court of Appeals, and shall be heard and disposed of by the Court of Appeals as speedily as the exigencies in the case will admit."

This portion of section 1550-28 of our statutes was before this court in the case of Ward v. Howard, 177 Ky. 38, 197 S. W. 506. Referring to the two earlier cases of Smith v. Johnson, 161 Ky. 745, 171 S. W. 425, and Kash v. Strong, 165 Ky. 843, 178 S. W. 1133, this court in the Ward case reaffirmed the doctrine of those cases, that the execution of the supersedeas bond referred to in this section within the time prescribed by it is necessary to confer jurisdiction upon the Court of Appeals to review the decisions of the lower court in these contest cases. The court pointed out that this whole subsection of section 1550 of the statutes emphasizes the requirement that these contest cases be instituted, tried, heard and disposed of as speedily as possible, and that for this reason the provisions of this subsection looking towards a speedy disposal of such contest cases should be held to be mandatory and not directory. It is true that in this Ward v. Howard case, the court held that although the provision as to the time within which the supersedeas

bond should be filed is mandatory, yet where the appellant has failed to file such bond on account of some casualty or misfortune or circumstances beyond his control, and the delay occasioned by such failure has not prejudiced the substantial rights of his adversary, he may be allowed to file the supersedeas bond on the day following the judgment, to have the same effect as if executed on the day the judgment is rendered. But in this Ward case, the facts were that the appellant endeavored to execute the supersedeas bond on the day the judgment was signed, but the clerk of the court absented himself and so prevented such execution. Under such circumstances this court upheld execution of the supersedeas bond on the following day. In the case before us, however, no excuse whatever appears in the record for the delay of some seven days in the execution of the supersedeas bond, the appellant simply contending that the provision as to the time within which the bond must be filed is directory and not mandatory. The appellant shows no casualty or misfortune or circumstances beyond his control which prevented him from executing the bond on the day the statute says it should have been executed. In the absence of such showing the requirement that the bond be filed on the day of the judgment is mandatory. No other holding would be consonant with the spirit of the statute that requires a speedy disposition of these cases. Therefore, inasmuch as the appellant did not file his bond within the time prescribed by the statute, and as such filing was necessary to confer jurisdiction upon this court, this appeal will have to be dismissed for want of jurisdiction, and it is so ordered.