## Louisville Clothing Co. et al. v. Harned.

(Decided Sept. 28, 1934.)

R. F. PEAK and J. W. FITZPATRICK for appellants.

STEINFELD & STEINFELD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Sustaining motion to discharge supersedeas.

The appellee procured a judgment in the Jefferson circuit court against the appellant for the sum of $939.83, with interest from April 21, 1934, and costs. A supersedeas bond was executed before the clerk of the Jefferson circuit court and signed by the appellants as

principals. It was not signed by a personal surety, but the appellants deposited with the clerk a sum in cash sufficient to cover the judgment and costs. The bond was approved by the clerk, and a supersedeas was issued.

The appellee has filed a motion in this court to discharge the supersedeas issued by the clerk of the Jefferson circuit court on the ground that there is no surety on the supersedeas bond as required by section 748 of the Civil Code of Practice, and the bond is therefore insufficient.

Section 748 of the Civil Code of Practice provides that:

"A supersedeas shall not be issued until the appellant cause to be executed before the clerk of the court which rendered the judgment, or the clerk of the Court of Appeals, by one or more sufficient sureties, to be approved by such clerk, a bond to the effect that the appellant shall pay to appellee all costs and damages that shall be adjudged against the appellant on the appeal."

The statute makes no provision for the losing litigant to deposit money as security in lieu of the bond. On the other hand, it specifically provides that a bond shall be executed "by one or more sufficient sureties," clearly contemplating personal security. In many jurisdictions it is provided by statute that money deposited with the officer before whom the bond is required to be executed may be accepted in lieu of a written undertaking, but the law is otherwise in this state. Section 748 of the Civil Code of Practice clearly indicates that the security is not to be in the shape of a pledge or deposit but in the form of a bond signed by a surety or sureties.

The question has never been passed on by this court, but in a superior court abstract opinion it was said that the court was not authorized to accept money in lieu of bond for costs. See Alvord & Son v. Mallory, 10 Ky. Law Rep. 80. It has been held in other jurisdictions that, in the absence of a statute allowing the appellant to make a deposit with a designated officer of the court in lieu of an appeal bond, a deposit is not a sufficient compliance with a statute which requires a bond signed by sureties. Beckwith v. K. C. & O. R.

484

Co., 28 Kan. 484; In re Pee v. Witt, 100 Kan. 171, 163 P. 797; Ringgold v. Graham (Tex. Com. App.) 13 S. W. (2d) 355.

The motion to discharge the supersedeas is sustained.