## Hatcher v. Burchett.

Sept. 25, 1945.

B. M. James for appellant.

Edward P. Hill for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Dismissing appeal.

Appellant and appellee were contending candidates for nomination to the office of county attorney on the Democratic ticket. Returns showed that Burchett received 4,056 votes and Hatcher 1,948. Hatcher filed his petition seeking to have the court hold Burchett's nomination void, and to direct issuance of a certificate to him, on the generally stated ground that Burchett had violated our Corrupt Practices Act. Ch. 123, KRS. The court sustained demurrer and there being no further pleading by appellant, dismissed the petition.

Appellee has moved the court to dismiss because the supersedeas bond was filed too late, thus depriving this court of jurisdiction. The order of dismissal was signed by the Judge on August 23, 1945, and the record before us bears the endorsement, "Entered on civil order book No. 45, Aug. 23, 1945," and shows that the bond was executed on August 25, 1945, and filed with the clerk on that day.

Appellee in support of his motion points to sec. 122.040, KRS, which in part reads: "A party desiring to appeal from a judgment entered under KRS 122.030 shall, not later than the next day after the judgment is rendered, execute a supersedeas bond in the same form and to the same effect as supersedeas bond in other civil actions * * *."

In Williams v. Ezzell, 210 Ky. 213, 275 S. W. 783, in construing sec. 1550-28, KS, which required the bond to be executed on the same day on which judgment was rendered, and where the bond was not so filed, we held that in order to confer jurisdiction on this court the bond should be filed in strict accordance with the statute. We approved the principle announced in Ward v. Howard, 177 Ky. 38, 97 S. W. 506, which followed two former opinions cited in the Williams case, supra.

In appellant's brief on the motion to dismiss he

merely says that appellee's contention that the bond was not filed "on the day of judgment" is incorrect; that the bond was executed within an hour after the judgment was rendered. We have carefully checked the record and find that our statement, supra, is correct. On the authority of the cases above cited the appeal is dismissed.