# Peyton v. Wells et al.

January 25, 1949.

Moss Noble and Lynn B. Wells for appellant.

Nickell & Keck and Gardner & Gardner for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Dismissing appeal.

The appellant, M. K. Peyton, instituted this action under KRS 122.100 for a recount in an election in Education Division No. 2 of Morgan County. The election commissioners certified that Peyton received 362 votes, while his opponent, W. B. Wells, received 365 votes. The appeal is from a judgment dismissing the petition.

At the outset we are met with the appellees' motion to dismiss the appeal because the supersedeas bond was not executed as required by subsection (2) of KRS 122.100.

The first sentence of the statute relied upon follows:
"Either party may appeal from the judgment to the Court of Appeals by executing supersedeas bond, as required in other civil cases, before the clerk of the circuit court, and by filing the original papers and transcript of the orders in the Court of Appeals within ten days after the entering of the judgment."

The judgment dismissing Peyton's petition was rendered November 16, 1948, and was recorded in the civil order book on the following day. The appeal was filed in this Court on November 26th. The supersedeas bond was executed on December 5, 1948, and was filed with the circuit clerk on that date. The bond was filed with the Clerk of this Court on December 6th. It is obvious that the supersedeas bond was not executed and filed in this Court within the time prescribed by law. The case

of Milliken v. Hatter, 177 Ky. 31, 197 S. W. 511, is controlling here. In that case it was held that, where a statute authorizing an appeal provides for the execution of a supersedeas bond in a particular manner and within a prescribed time, it is a condition precedent to the right of appeal and is a jurisdictional prerequisite.

Wherefore, for the reasons given, the appeal is dismissed.