Milford WHEELER, Appellant,

v.

Edward REA et al., Appellees.

Court of Appeals of Kentucky.

Oct. 25, 1957.

Lewis D. Jones, John W. Coomes, New Castle, for appellant.

L. M. Ackman, Williamstown, for appellees.

MONTGOMERY, Judge.

Milford Wheeler and Edward Rea were the opposing candidates for the Democratic nomination for the office of sheriff of Gallatin County in the primary election held on May 28, 1957. The election commissioners, also appellees, certified Rea as the successful candidate. Wheeler filed a "petition for contest and petition for recount".

The matter is before us on the motion of appellees to dismiss the appeal for failure of appellant to execute a timely supersedeas bond as required by KRS 122.040.

Judgment on the recount in favor of Rea was rendered on June 21, 1957. Judgment on the contest in favor of Rea was rendered on July 29, 1957. The latter judgment is the one from which the appeal is prosecuted.

Two bonds captioned "Bond on Costs" were executed by Wheeler. The first bond executed June 10, 1957, covenanted to pay "the defendants, Edward Rea, Mellanee Bledsoe, George Henry, and Robert Snow, and to the officers of the Court all costs that may accrue to them in this action either in the Gallatin Circuit Court or any other Court to which this action may be carried." The second bond executed July 18, 1957, was substantially the same as the first except the names of Bledsoe, Henry, and Snow were omitted.

Appellant contends that he has complied with the appropriate statute. Appellee urges that the bonds executed are not supersedeas bonds, and were not executed at the proper time.

In view of the designation in the notice of appeal and statement of appeal, this is considered only as an appeal from a contest in a primary election, since no notice or statement designated the judgment entered in the recount. The appeal from a judgment in the contest of a primary election is governed by KRS 122.040. The pertinent part of the statute reads:

"A party desiring to appeal from a judgment entered * * * shall, not later than the next day after the judgment is rendered, execute a supersedeas bond in the same form and to the same effect as supersedeas bonds in other civil actions, for an appeal to the Court of Appeals, * * *"

This Court has no jurisdiction of an appeal from a judgment in a primary election contest unless a supersedeas bond has been executed before the clerk of the circuit court. Milliken v. Hatter, 177 Ky. 31, 197 S.W. 511. The filing of such bond on the day required by the statute is mandatory unless the contestant makes a showing of casualty, misfortune, or circumstances beyond his control sufficient to justify excusing the dereliction. Peyton v. Wells, 309 Ky. 237, 217 S.W.2d 305; Hatcher v. Burchett, 300 Ky. 452, 189 S.W.2d 682; Johnson v. Caddell, 251 Ky. 14, 64 S.W.2d 441; Williams v. Ezzell, 210 Ky. 213, 275 S.W. 783. Neither bond was executed in

proper time. The appeal in A. B. (Banner) Meade v. W. B. Boyd, et al., was dismissed recently. for. this reason.

 The bonds executed were not supersedeas bonds but were bonds for costs only. A supersedeas bond, by its terms, is a covenant to perform the judgment and to pay all damages and costs. The bonds executed covenanted to pay costs only. The second bond failed to name all the proper obligees. Such a bond must be specific in its terms as to obligations and obligees in order to be effective. Kelly v. Shacklette, 290 Ky. 430, 161 S.W.2d 612; Kinner v. Zachem, 273 Ky. 758, 117 S.W.2d 943; Barker v. Blankenship, 271 Ky. 213, 111 S.W.2d 592; Galloway v. Bradburn, 119 Ky. 49, 82 S.W. 1013. The bonds executed by appellant were not within the time required and failed by their terms to be supersedeas bonds.

Appeal dismissed.