Morris "Buck" WEBB, Appellant,

v.

Clyde WEBB et al., Appellees.

Court of Appeals of Kentucky.

Sept. 20, 1973.

Edwin F. Kagin, Jr., Louisville, for appellant.

Clarence Bartlett, Owensboro, Robert Simmons, Bowling Green, William E. Rueff, Morgantown, for appellees.

REED, Justice.

This is a purported appeal from a final judgment entered August 4, 1973, in an action concerning the primary election held in Edmonson County in May 1973. Appellant's statement of appeal advises that the appeal is governed by KRS 122.040, which relates to contests of primary elections.

KRS 122.040(1) provides:

"Any party may appeal to the Court of Appeals from a judgment entered under KRS 122.030. *The appeal shall be in accordance with the Rules of Civil Procedure, except that the notice of appeal shall be filed and a supersedeas bond executed in the circuit court, and the record shall be filed in the Court of Appeals, within ten (10) days after the entry of the judgment. The entire original record shall be filed and no designation of record shall be required."* (emphasis supplied).

On the same date as the final judgment, the circuit judge entered an order stating in part:

"It is further ordered and adjudged that the supersedeas bond to be made by defendant Morris 'Buck' Webb shall be without surety, and such shall be in and for the amount of ($100)."

The record contains a document which is designated in its index as a supersedeas bond and it reads as follows:

"Whereas said appellant (MORRIS BUCK WEBB) has taken an appeal from a judgment of the Edmonson Circuit Court rendered on the 4th day of August 1973, against him in favor of the appelee (sic) (CLYDE L. WEBB); and the appellant desires to supersede the said judgment:

Now I, MORRIS BUCK WEBB, as surety, will pay all costs that may be adjudged on the appeal, not exceeding $100.00 (One Hundred Dollars), and he, will satisfy and perform the said judgment in case it shall be affirmed, and any judgment or order which the Court of Appeals may render or order to be rendered by the inferior Court.

Witness our hands this 7 day of August, 1973.

/s/ Morris 'Buck' Webb
    MORRIS BUCK WEBB

ATTEST:

/s/ Ann Stewart, Clerk
    EDMONSON CIRCUIT
      COURT."

In Kash v. Strong, 165 Ky. 843, 178 S. W. 1133 (1915), this court held that in contested election cases the requirements of the statute, both as to the time of filing the transcript and as to execution of the bond, were *jurisdictional requisites* for the review by this court of the circuit court's judgment in such cases. In that opinion the court also said that the execution of a proper bond was a condition precedent to the right of appeal, and that this legislative requirement was not alone for the benefit of an adversary candidate but rested upon considerations of public policy. In Kash the court dismissed an attempted appeal because of failure to execute the required bond.

The governing statute directs that in order for this court's review authority to attach the appeal must be "in accordance with the Rules of Civil Procedure" with a specific exception that a supersedeas bond must be filed within 10 days. In ordinary cases the filing of a supersedeas bond is actually at the option of the appellant.

By the provisions of CR 73.04, an executed supersedeas bond with good and sufficient surety is required to be presented to the circuit clerk or the [circuit] court for approval. The rule further provides that the address of the surety shall be shown on the bond. CR 73.07 provides that by entering into a supersedeas bond the surety submits himself to the jurisdiction of the court with which the bond is filed. All of these expressions clearly demonstrate that a good and sufficient surety approved by the clerk or court is necessary to constitute a "supersedeas bond." By operation of the concerned statute, where a principal executes a "supersedeas bond" without surety, it is no bond. A reading of the rules applicable demonstrates beyond question that a surety different from the principal must submit himself to the jurisdiction of the court for summary enforcement of the bond if liability attaches.

In the case of Louisville Clothing Co. et al. v. Harned, 255 Ky. 482, 74 S.W.2d 957 (1934), a supersedeas bond was merely signed by the principals and was not signed by a surety. The appellants deposited a sum in cash with the clerk. This court held the bond ineffective because there was no surety as a party to the instrument.

In Wheeler v. Rea, Ky., 306 S.W.2d 294 (1957), this court squarely held that an effective supersedeas bond must be filed within the time prescribed by KRS 122.040 in order to vest jurisdiction in this court to review a judgment in the cases governed by that statute.

Although it is true that in the relatively early case of Galloway v. Bradburn, 119 Ky. 49, 82 S.W. 1013 (1904), the court allowed the amendment of an insufficient bond because of defective language within it, we do not consider that decision as controlling. In Galloway the court was dealing with a bond that was an undertaking by a principal and a surety. It was not dealing with a no-bond situation such as is presented here. Furthermore, the later decision in Kinner v. Zachem, 273 Ky. 758, 117 S. W.2d 943 (1938), characterized the Galloway opinion as "in conflict with the more recent opinions of this court" cited in the opinion. The Kinner case was an election contest case wherein the appellant had executed a bond which failed to comply with the statutory requirements. After the time allotted, the appellant executed a correct bond but the court held the "amended" bond ineffective. In the course of its opinion the court said:

"The original bond being fatally defective, in that it failed to comply with the mandatory provisions of the statute, it cannot be treated as a bond at all, and the denominated 'amended' bond comes too late."

The recitation by the circuit court concerning the bond was completely ineffective. We know of no authority that would either permit this court or the circuit court to repeal the plain requirements of the statute. CR 73.06 concerning failure to file a supersedeas bond is inoperative because of the mandatory provisions of KRS 122.040(1). There is no provision in either the statute or the rules that would permit a circuit court to relieve an appellant from observing a statutory condition precedent to the attachment of jurisdiction by this court. The statute simply was not complied with and, as in Houston v. Kentucky Tax Commission, Ky., 336 S.W.2d 547 (1959), the record demonstrates that we have no jurisdiction to entertain this appeal. Therefore, the appeal is dismissed sua sponte.

The appeal is dismissed and, pursuant to KRS 122.040(3), the mandate shall issue forthwith but without prejudice to the right of the losing party to pursue any additional remedies provided by law.

All concur.