CASE 74—ACTION OF L. E. WRIGHT'S ADMR. V. LEXINGTON & EAST-
ERN RAILWAY CO.—Oct. 8.

# Wright's Admr. v. Lexington & Eastern Railway Co.

### APPEAL FROM LEXINGTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. APPEAL DIS-
MISSED.

APPEAL. FAILURE TO FILE TRANSCRIPT—DISMISSAL—GRANTING AP-
PEAL—TRANSCRIPT—CLERK'S ENDORSEMENT—AMENDMENT.

Held: 1. Civil Code sec. 740, requires a transcript to be
filed in the court of appeals within twenty days before the
second term of such court after the appeal is granted below.
Failure to file the transcript within such a period would work
a dismissal of the appeal.

2. Civ. Code Prac. section 739, provides that a party may ap-
peal to the court of appeals, as a matter of right, by apply-
ing to the clerk of that court within two years from the
rendition of the judgment, for the granting of an appeal, and
on filing in the clerk's office a copy of the judgment appeal-

Wright's Admr. v. Lexington & Eastern Ry. Co.

ed from. Shortly before the expiration of the two years appellant filed a transcript with the clerk of the court of appeals on which the clerk indorsed, "Appeal granted below." No application was made to the clerk to grant an appeal. A motion to correct the indorsement so as to show an appeal granted by the clerk is overruled, and the appeal, not having been granted in time, is dismissed.

J. F. SUTTON AND E. C. HYDER, FOR APPELLANT, MORTON & DARNALL, FOR APPELLEE.

(No briefs.)

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—DISMISSING.

The judgment appealed from was rendered on December 21, 1898. An appeal was granted in the court below. The transcript was not filed within twenty days before the second term of this court after the appeal was granted. The failure to file the transcript within the time mentioned is, under section 740, Civ. Code Prac., grounds for the dismissal of the appeal. The appellant, at any time within two years from the time the judgment was rendered, had the right to file the transcript, and to have an appeal granted by the clerk of this court. On December 17, 1900, the two years having almost expired, the appellant filed the transcript, and the clerk made an indorsement thereon as follows: "1900, Dec.17. Filed; tax paid; appeal granted below." The statement required by section 739, Civil Code, was not filed. There was no application made to the clerk to have an appeal granted. The record was sent to him without any direction or request, and in the absence of it the clerk made the indorsement on the transcript. Section 734, Civ. Code, reads as follows: "The mode of bringing the judgment of an inferior court to the court of appeals, for reversal or modification, shall be by an appeal, which shall be granted, as matter of right, to a party

or privy against a party or privy, by the court rendering the judgment, on motion made during the term at which it is rendered, or thereafter by the clerk of the court of appeals, on application of either party or his privy, upon the filing in the office of said clerk a copy of the judgment from which he appeals."

The section gives the party desiring it an appeal as a matter of right. Having failed to file the transcript within the time required by law, it was necessary, if appellant desired to have an appeal granted, to make application therefor to the clerk of this court, upon filing in his office a copy of the judgment. This may be done on filing the judgment alone, or filing the transcript containing the judgment. It is not made the duty of the clerk, any more than it is the duty of the court below, to grant an appeal without application. The party who desires it granted must make application therefor in the one case as in the other. The mere filing of the transcript in the office of the clerk of this court is not of itself an application to have the appeal granted.

The appellant moves the court to correct the indorsement which the clerk made upon the transcript so as to make it show that he granted an appeal. To do this would be to require the clerk to make an indorsement on the record contrary to the facts, because, as we have said, no application was made for an appeal, and none was granted, and this indorsement should not be made. The clerk stated on the record that an appeal was granted below, which was true.

The motion to correct the indorsement on the record is overruled, and the motion to dismiss the appeal must prevail.