CASE 32—ACTION FOR AN INJUNCTION—DEC. 17.

# O'Daniel, &c. v. Baxter, &c.

APPEAL FROM MARION CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. REVERSED.

PARTITION—RIGHT TO THE USE OF EXISTING PASSWAY.

Held: Where tenants in common had for many years, used a passway over the land in going to and from it, upon a partiton being had, each owner was entitled to the use of the passway over the existing route for the purpose of passing or hauling to and from his parcel of the land, its use being reasonably necessary for that purpose.

H. W. RIVES, FOR APPELLANTS.

The pleadings, and the uncontradicted proof in the case, establish beyond question the following facts:

Appellant, Mary D. O'Daniel's mother, Mrs. Douglass and William Baxter, father of appellee, J. D. Baxter, owned the tract of knob land in controversy, Mrs. Douglass owning three-fourths and Baxter one-fourth. For fifty years or more a road had been in use extending from the Rolling Fork of Salt River, through this tract of land, and over the lands of divers

O'Daniel, &c., v. Baxter, &c.

other persons, crossing what is known as Skinner's Knob and extending to Riley's Station.    That portion of the road above this track crossing the knob was used as a route for horseback travel, while that part through this tract to the Rolling Fork, was in general use for hauling timber and other products in that locality.    Divers persons have so used it as their only practical outlet, no one claiming the right to interfere.    After the death of Wm. Baxter, in a suit by his widow the commissioners appointed to divide his lands allotted to appellee, J. D. Baxter, the one-fourth of this land and it was laid off to him leaving the other three-fourths to Mrs. Douglass, who made no objection to the division—nothing being said about the road and both continuing to use it.    After some years, Mrs. Douglass died and her interest passed by descent to her daughter, Mrs. O'Daniel, and soon after her death Baxter forcibly refused to allow Mrs. O'Daniel and her teams to use the aforesaid road which ran over both the tracts and the only outlet for her timber.    Whereupon she brought this action for trespass and for an injunction.

On hearing the case, the chancellor dissolved her temporary injunction and dismissed her petition and from this judgment she appeals.

### AUTHORITIES CITED.

Bowman v. Wickliffe, 15 B. Mon., 84; O'Daniel v. O'Daniel, 88 Ky., 185; Talbott v. Thorn, 91 Ky., 417.

H. P. COOPER, FOR APPELLEE.

There was no evidence in this case tending to show that the plaintiffs or those under whom they held, had heretofore used the hollow path adversely for any length of time.

The proof tended to show that there were roads all up the various hollows in these knobs, including the one in controversy, which were cut and used by various persons hauling timber therefrom.    All these roads and hollows were open in the same sense that the road in controversy was open, the knobs being open also in the same sense.

The proof shows that if plaintiffs had any timber to haul, the route by way of the gap in Skinner's knob would be the shortest and most practicable, not only to plaintiff's home, but to the railroad.    There was no evidence at all, tending to show that defendant ever removed or received pay for any part of any timber that was removed from any part of this land before or after the allotment.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

The ancestor of Mary D. O'Daniel owned a three-fourths undivided interest in a tract of land in Marion county, Ky., and the ancestor of James D. Baxter owned the other fourth. It seems that the appellant and appellee named are the sole real representatives of their respective ancestors. A proceeding was had in the Marion circuit court to partition this land, to which it is claimed appellant's ancestor was not a party. She took possession of the part allotted to her, and appellee likewise took possession of the portion allotted to him, each claiming his lot in severalty to the line fixed in that proceeding. The parties appear now to have accepted and adopted the partition proceedings as fully as if they were parties to them, and we conclude that they now elect to be bound by them. We therefore treat these conveyances in the partition proceedings as if made by the parties between themselves. A roadway had long been in use for 30 or 40 years by the common owners of the principal tract in getting to and from it. No other way existed as a matter of right, so far as the record shows. One of the parties has denied the right of the other to use this roadway in going to and from her part of the land. Hence this suit. When they made or accepted the deeds of partition conveying to each his parcel in severalty, did the passway, and the right to its concurrent use, pass to these former cotenants? In Jones, Easem., section 129, it is said: "The rule is general that, where one conveys a part of his estate, he impliedly grants all those apparent or visible easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed, and which are reasonably necessary for the use of that part," See, also, Lebus v. Boston (21 R., 411), 51 S. W., 609, 47 L. R. A., 79.

Section 309, Jones, Easem., states clearly what we deem
to be the sound rule in such case as this one: "A way of
necessity is implied in a partition between cotenants when
the circumstances are such that the way of necessity would
be implied in ordinary conveyance.  It has been argued
that a way of necessity lies in grant, and that the deed of
a grantor creates the way when it is of necessity, and
as much as it does when it is created by an express grant;
but that in case of a partition there is no grant, the or-
iginal tract which embraced both parcels being owned by
persons as tenants in common; that the several owner-
ships of the different parcels was accomplished by pro-
ceedings under the statute for partition, and that no grant
can be implied in such case.  The supreme court of Cal-
ifornia, in a recent case, replying to this contention, de-
clared that it can not be sustained either upon principle
or authority; that there is no difference in effect between
an allotment by order of the court in a proceeding for par-
tition and an allotment by deed from all the other ten-
ants in common, but that the effect in each case is to vest
the title of all in a particular parcel in one, the decree op-
erating as such conveyance.  And so in a Massachusetts
case the court had no doubt that by a division of the real
estate of a deceased person in the probate court his heirs,
to whom specific portions of that estate were assigned,
acquired a right of way to those portions over other lands
which had been their ancestor's; 'and whether they ac-
quired this right solely of necessity, without any provision
therefor in the language of the division, or by the effect
of the language used by the committee in making the rec-
ord of the division, seems to us to be unimportant. . . .
A reservation, in terms, 'of a way of necessity,' would
confer no further right than would be conferred by oper-

ation of law, without those words.'" Each one of these parties, James D. Baxter and Mary D. O'Daniel, in person and by their servants and tenants, have equal rights to the use of the ·old passway over the route as formerly used for the purposes of passing or hauling to or from their respective parcels of this land.

The judgment of the circuit court denying appellant such right is reversed, and the cause is remanded, with directions to enter judgment for appellant perpetuating the injunction originally granted in the action.