CASE 5.—ACTION BY B. F. WILLIAMSON AND OTHERS AGAINST W. H. MAYNARD AND OTHERS.—Oct. 20, 1909.

# Williamson, &c. v. Maynard, &c.

Appeal from Pike Circuit Court.

A. J. KIRK, Circuit Judge.

Judgment for defendants, plaintiffs appeal.—Appeal dismissed.

1. Wills—Probate—Appeal—Time of Taking Proceedings.—Ky. St. 1909, Sec. 4850, limits the time to appeal from a judgment of the circuit court probating a will to one year. Held that, if an appellant from such a judgment was unavoidably delayed in preparing his transcript, he should, within the year, apply to the appellate court for an extension of the time to file the transcript, as prescribed under Civ. Code Prac. Secs. 738, 740, 758, and that, on failure to do so, the appeal may be dismissed if not taken within the prescribed time.

2. Wills—Probate—Appeal—Dismissal—Time of Taking Proceedings.—That the limitation of one year prescribed by Ky. St. 1909, Sec. 4850, for taking an appeal from a judgment of the circuit court probating a will, has expired, may be raised by motion upon a proper plea made at or before the time the case is submitted on the merits.

S. M. CECIL, W. H. FLANNERY, J. F. BUTLER, JAMES M. ROBERSON attorneys for appellants.

HAGER & STEWART and W. S. HARKINS of counsel.

## PROPOSITION.

1. The will was not signed by the testator nor acknowledged by him to be his will.

2. The subscribing witnesses contradict each other and the will is not therefore proven as the law requires.

3. Undue influence was used by W. H. Maynard to have C. W. Williamson make the will.

4. The testator's physical condition and mind were such that he could not make a valid will.

5. The will is unnatural; C. W. Williamson is made to forget his father and mother and attempt to put the title to the land in strangers to whom he owed no duty, except his wife should have had a reasonable provision if he was in condition to make the will. Wherefore the appellants ask a reversal of the judgment appealed from.

N. J. AUXIER, YORK & JOHNSON and F. W. STOWERS for appellees.

QUESTIONS OF LAW AND AUTHORITIES CITED.

1. One year limitation for appeal from judgment of circuit court in will case. Kentucky Statutes, Section 4850.

2. Appeal granted by clerk of this court by application made to him and filing copy of judgment. Carroll's Code, Section 734.

3. Will may be probated on testimony of one of the subscribing witnesses. Cornelison v. Browning, 10 B. Mon. 425; Hall, &c. v. Sims, &c., 2 J. J. Mar. 511; Overall v. Overall, Lit. Sel. Cases, 503.

OPINION OF THE COURT BY JUDGE O'REAR—Dismissing appeal.

This is an appeal from the judgment of the Pike Circuit Court, finding the paper in contest to be the last will of C. W. Williamson. The final judgment became effective in October of 1907. This appeal was prosecuted January 25, 1909. Appellees have interposed and rely upon the plea of limitation of one year in such cases.

In avoidance of the plea appellants assert that parts of the record were lost, and that because of that fact and other unavoidable casualty they were not able to have the transcript of the record filed in this court within one year from the time the final judgment was entered.

Section 4850, Ky. St. limits to one year the period within which appeals may be prosecuted to this court

from judgments of the circuit court probating wills. If some casualty delayed the appellants in having the transcript prepared within that time, they should during that year, and while this court still had jurisdiction of the matter, have applied to this court for an extension of the time within which to have filed the transcript. Sections 738, 740, 758, Civ. Code Prac.; Hernstein v. Depue, 65 S. W. 805, 23 Ky. Law Rep. 1498; Bush v. Lisle, 86 Ky. 504, 6 S. W. 330, 9 Ky. Law Rep. 667.

It was held by this court in the case of Duff v. Duff, 103 Ky. 348, 45 S. W. 102, 20 Ky. Law Rep. 52, that the statutory bar of one year in will cases may be available to the appellee by motion based upon proper plea, and made at or before the case is submitted on the merits. Such was the practice in this case, and the court has no option but to sustain the plea and motion.

Appeal dismissed.