## Striger, Executor v. Carter.

(Decided January 28, 1921.)

### Appeal from Kenton Circuit Court
### (Common Law and Equity Division).

1. Exceptions, Bill of—Bystanders.—Where the trial judge refuses to sign a bill of exceptions tendered in time, a bystanders' bill should be prepared and certified.

2. Exceptions, Bill of—Tender of—Signing.—A party tendering a bill of exceptions in time is not responsible for the court's delay in signing it, and in a direct appeal, a bill so tendered, though not signed, will be considered as properly in the record.

3. Exceptions, Bill of—When Appeal Will be Dismissed.—Where the record on appeal is not filed in time and no extension of time for that purpose granted, the appeal on motion will be dismissed though the filing of the bill of exceptions was delayed by appellee or by causes beyond appellant's control.

4. Exceptions, Bill of—Right of Appeal Lost.—Where a bill of exceptions is filed in time and the lower court fails to act upon it and no application is made to relieve the situation and no supersedeas issued, after the lapse of four years, the right of appeal and the right to relief is lost and the judgment will be treated the same as if no appeal had been sought.

5. Executors and Administrators—Services—Fees.—It was not error to refuse to allow the executor and his counsel additional fees growing out of supplemental proceedings involving the estate, where a prior allowance is deemed ample to cover all services rendered.

RICHARD H. GRAY for appellant.

F. J. HANLON for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

The will of Amelia Wilson, probated in November, 1913, after making certain specific bequests, including the payment of one hundred dollars to the executor, appellant herein, provided (by codicil) that the remainder of her estate be turned into cash and divided equally be-

tween her five grandchildren, one of whom is the appellee.

It is alleged in the petition that the final settlement filed in the county court by the executor showed a total sum received of $8,628.37. Deducting certain proper disbursements of $2,986.71 would leave a balance of $5,-641.66 to be distributed among those entitled thereto. Of appellee's one-fifth of the net sum, to-wit: $1,128.33, she claimed she had received only $600.00 and judgment was asked for the remainder of $528.33.

It is not surprising that in this complex record of demurrers, motions to strike and various pleas, after an answer and several amendments had been filed, a motion should have been made to have the parties restate and reduce to one pleading their respective charges, defenses and counter-charges.

Notwithstanding a final settlement filed December, 1915, purported to account for the entire estate received, and in which appellant took credit for $3,095.00 in fees for himself and his attorney, in an answer and counter-claim filed February 3rd, 1919, appellant claimed further expenditures on behalf of decedent's estate, amounting to $2,266.10. Included in this latter item is $1,950.00 additional fees to appellant and his counsel.

While both the county and circuit courts, on exceptions to the "final" report, reduced the total charge of $3,095.00 to $1,505.00, it yet remains that against this estate of $8,628.27, there was sought to be charged for attorney's and executorial fees a total of $5,045.00, and this does not include the gift of $100.00 to appellant. The answer was made a counterclaim in an effort to recover back an alleged overpayment to appellee.

From the judgment sustaining in part the exceptions to the "final" report of settlement rendered January 22nd, 1917, appellant prayed, and was granted an appeal to this court. This judgment was never superseded nor has the record on appeal ever been filed. Appellant contends his right of appeal exists independently of Civil Code, section 738, regulating the time in which the transcript must be filed on appeal, since within the time allowed he tendered a bill of evidence and exceptions and the court "took time" and no subsequent order has been entered in that case. Having done all required of him

under the circumstances, appellant pleads that the present action should be abated. This is his main reliance.

Subsection 3 of section 337 of the Civil Code provides:

"If the bill of exceptions be approved by the judge, he shall sign it, and it shall be filed as part of the record, but not spread at large on the order book. If not approved, he shall correct it, or suggest the corrections to be made, and sign it. A party objecting to the judge's correction of an exception which purports to state the evidence, may, within five days after the bill is signed, file the exceptions as written by him, if its truth be attested by the affidavits of two bystanders; but its truth may be controverted and maintained by other affidavits filed in the clerk's office not exceeding five on either side."

Prior to the adoption of this Code provision a bill of exceptions could be signed by bystanders when the judge refused to sign it. Arnold v. Leathers, 2 Dana. 287.

In Hayden, etc. v. Ortkeiss' Admr., 83 Ky. 396, a bill was tendered in time; the regular judge was absent at the time and the special presiding judge declined to make any order in the case because he was the administrator of the former adverse party, then deceased. Another special judge elected in the case, declined to sign the bill because the case was tried before the regular judge. Appellant in that case, as in the present one, claimed he had done all that was required of him and that he ought not to be prejudiced or prevented from taking an appeal by the death of his adversary or the absence of the judge who tried the case. The court held under the circumstances that appellant should have had the bill certified by bystanders.

Reason, as well as the policy of the law, dictates that a bill of exceptions should be certified by the judge who presided at the trial or by some one who heard it, since the object of the bill is to present to the appellate court a correct statement of the proceedings that transpired in the trial court that do not appear on the record book of the court.

The failure or refusal of the lower court to sign a bill tendered in time will not deprive a litigant of his right of appeal. When the judge refuses to sign the tendered bill, the proper course for counsel to pursue is

to prepare a bystanders' bill and have it certified. Commonwealth v. Hourigan, 89 Ky. 305, 12 S. W. 550. Such a procedure is authorized by a fair construction of the Code provisions relating to this subject. The prevalence of a contrary rule would leave a party remediless when the trial judge refuses to sign any bill.

A party seeking an appeal is not responsible for the court's delay in signing a bill properly tendered and this court in a direct appeal will consider the bill as properly in the record. Chenault v. Quisenberry, 19 R. 1632, 42 S. W. 717; Meaux v. Meaux, 81 Ky. 475. Where the circuit judge unduly delays to sign the bill, or to act upon it, either party may have remedy by application to this court. The Proctor Coal Co. v. Strunk, 28 R. 241, 89 S. W. 145.

On the other hand, where the record in this court is not filed in time, and there has been no extension of time by the court, a motion to dismiss will be sustained, although the filing of the bill was delayed by causes beyond appellant's control. Wickliffe, etc. v. Turner, etc., 149 Ky. 379, 149 S. W. 833; or even when the delay was caused by the appellee. Tennessee Central R. R. Co. v. Reeves' Admr., 143 Ky. 467, 136 S. W. 870. Other than tendering the bill and an accompanying motion to have same signed and filed, it does not appear that counsel ever made any effort by motion or otherwise to have the bill approved or filed; no application for relief was ever made in this court and no appeal perfected.

It has been four years since the judgment on the exceptions to the report of settlement was entered and we know of no provision of the Code that would permit an appeal to be taken or perfected at this time. As to the matters involved in that litigation, they must be taken as precluded by said judgment. An appeal will not stay proceedings on a judgment unless a supersedeas is issued, Civil Code, sec. 747; and none was issued in the earlier proceedings.

It is alleged that in one of the suits referred to, a rule was issued against the appellant to file a supplemental report, and upon appeal to the circuit court, his response to this rule was held sufficient, and the rule dismissed and he was adjudged his costs in the matter. Complaint is made on the present appeal because the judgment appealed from charged appellee with her pro-

portion of these costs but did not allow appellant any attorney's fees.

Doubtless the lower court was satisfied appellant and his counsel had been awarded ample allowance for all services rendered to and in behalf of the estate and with this conclusion we agree. Nor do we find any cause for complaint on the rulings of the court in passing upon the demurrers and motions.

This estate has been subjected to undue litigation and delay; it has been over seven years since the will was probated and the beneficiaries are entitled to have the estate settled as should have been done years ago.

Finding no error prejudicial to appellant, the judgment should be and is accordingly affirmed.