## Hays, et al. v. Jenkins.

(Decided February 15, 1921.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1.  Appeal and Error—Transcripts.—A party who obtains an appeal from the circuit court to the Court of Appeals, must file a transcript of the record, in the clerk's office of the latter court, twenty days before the second term of the latter court, thereafter, or obtain an extension of time in which to do so, as provided by section 738, Civil Code.

2.  Appeal and Error—Transcripts.—After the time has expired, within which an appellant, who has been granted an appeal by the circuit court, may perfect his appeal by filing a transcript of the record in the office of the clerk of the Court of Appeals, the latter court can not grant an extension of time, within which to file the transcript, as there is then no time to extend.

3.  Appeal and Error—Transcripts.—Where an appellant has in good faith, in due time, filed such a transcript of the record in the Court of Appeals, as he deems necessary for adjudication of his appeal, and the record is defective because of oversight of the clerk, who makes the transcript or inadvertence of counsel, or loss of a paper or other sufficient reason, he will be permitted to file a supplementary record, for the purpose of making a complete record, after the time has expired within which the original transcript was required to be filed, if offer is made before submission.

4.  Appeal and Error—Transcripts.—If for any reason an appellant can not file the transcript of the record, in the office of the clerk of the Court of Appeals, within the time allowed by section 738, Civil Code, he should apply for an extension of the time, before it has expired.

5.  Appeal and Error—Transcripts.—An offer to file a transcript of the record, in the court of appeals, in the attempted perfection of an appeal granted by the circuit court, after the expiration of the time allowed by section 738, Civil Code, and after the extension of time, if any has been made, by authority of that section, has expired, will not prevent the dismissal of the appeal granted in the circuit court, where the appellee has made a motion to that effect.

6.  Appeal and Error—Transcripts—Dismissal.—The dismissal of an appeal granted by the circuit court, for failure to file a transcript

of the record, in the Court of Appeals within the time allowed by section 738, Civil Code, will not prevent the party from obtaining an appeal from the clerk of the Court of Appeals, within two years from the rendition of the judgment.

BEN. CHAPEZE and JOHN B. BRACHEY for appellants.

J. L. RICHARDSON and W. G. DEARING for appellee.

OPINION OF THE COURT, BY CHIEF JUSTICE HURT— Dismissing appeal granted by the circuit court, with damages and overruling motion to file transcript, upon appeal granted by circuit court.

On the 22nd day of November, 1919, the appellee, Jenkins, recovered a judgment for money which he was entitled to enforce by execution of *fieri facias,* in the Jefferson circuit court, chancery branch, second division, against the appellant, Dawson. On the 26th day of December, 1919, Dawson prayed and was granted an appeal, from the judgment, to this court. The appeal was prayed and granted in the circuit court. He never perfected his appeal by filing in the clerk's office of this court a transcript of the record twenty days before the second term of this court next after the granting of the appeal as provided by section 738, Civil Code, nor did he secure an extension of time for so doing as he might have done for cause shown, nor did he seek such an extension of time, although on the 26th day of December, 1919, the day upon which his appeal was granted, he superseded the judgment by executing before the clerk of the circuit court a supersedeas bond, etc. On the 3rd day of January, 1921, after the time had expired within which Dawson could have perfected his appeal, in this court, by filing a transcript of the record in the clerk's office of this court the appellee, Jenkins, after notice to Dawson, of his intention, filed a copy of the judgment and order granting the appeal, and supersedeas bond, in the clerk's office of this court, and entered a motion for an order, dismissing the appeal and for damages upon the bond. Dawson responded to the motion, by offering to file a transcript of the record, so as to perfect the appeal granted by the court below, and as an excuse for his failure to file the transcript within the time provided by section 738, *supra,* averred that certain depositions in the action had been misplaced, and that he could not sooner secure a copy of the complete record. The provisions of section 740, Civil

Code, seem to be mandatory, and it provides, "and if he fail to file the transcript within the time allowed by section 738, or by the court pursuant thereto, his appeal shall be dismissed." Langhorne v. Wiley, 120 Ky. 511; Ewing v. Stanley, 119 Ky. 629; Hernstein v. Depue, 23 R. 1498. The dismissal must follow in such case, although the reasons given for a failure to file the transcript within the time provided by section 738, are such, that, the court, if applied to as authorized by that section, would have granted an extension of time. To permit the filing of a transcript after the expiration of the time allowed, would be equivalent to now granting an extension of time, which we are not authorized to do. An extension of time can not be granted unless application is made, before the expiration of the time for filing the transcript, as provided by section 738, *supra*, Hernstein v. Depue, *supra*, Howe Bldg. Assn. v. Bruner, 134 Ky. 364. When the time has expired, there is nothing for the court to extend. We have often held, that, if for any reason, the appellant can not file the transcript within the time fixed by section 738, *supra*, he should before the expiration of the time, apply to this court for an extension of the time. Williamson v. Maynard, 135 Ky. 29; Willis v. Whitt, 124 S. W. 362; Edelston v. Edelston, 173 Ky. 252. The case of Bush v. Lisle, 86 Ky. 504, relied upon by Dawson, has no reference to a state of case, such as exists here. In that case, the appellant had in due time, in good faith, filed in the clerk's office of this court a transcript of all the record, which was in existence, and it was held, that when an appellant, within the time allowed, in good faith, filed the transcript, and because of oversight or inadvertence, of the clerk or counsel, the loss of a paper or other sufficient reason, the transcript was defective and did not contain all of the record intended to be filed, the appellant might before submission of the action, in this court and after time had expired for filing the transcript, file the supplemental record necessary to make a complete record. The cited case as well as others holding similarly have no application, where a transcript of no part of the record was filed within the time allowed.

The dismissal of the appeal granted by the circuit court because of failure to file the transcript within the time allowed, however, does not prevent a party from praying and being granted an appeal by the clerk of this court, if sought within two years from the rendition of

the judgment. Section 745, Civil Code; Wearen v. Smith, 80 Ky. 217; Wright v. Woolfork, 14 Bush 311.

In addition to the express direction of section 738, Civil Code, the adjudications of this court, thereon, have been to the effect, that a failure to file the transcript within the time allowed by the Code provision, or within the extension of time, granted by the court under the authority of that provision, is a ground for a dismissal of the appeal. The motion of appellee to dismiss the appeal granted to appellant, in the circuit court, is therefore sustained, and damages awarded on the supersedeas bond, and the motion of appellant Dawson, to now file the transcript in this court, in attempted perfection of the appeal granted below is overruled.