## Kudelle v. Vizzard Investment Company.

(Decided April 28, 1922.)

### Appeal from Leslie Circuit Court.

1. Appeal and Error—Filing of Transcripts.—Transcripts of appeals to this court, under the provisions of section 738 of the Civil Code, must be filed in this court at least twenty days before the first day of its second term next after the granting of the appeal, unless this court extends the time for cause, in which event the transcript must be filed within such time unless the time is again extended before the first extension expires; and a transcript filed after such time or after any extension of time by this court for the purpose will be too late, and will not confer jurisdiction to entertain the appeal, although the transcript was filed upon motion which was sustained by the court, since in that case the court was without authority to sustain the motion, and it being interlocutory is not conclusive and may be treated as null and void on a final determination of the appeal.

2    Appeal and Error—Filing of Transcripts.—The failure to file the transcript within the time allowed by law or any extension thereof by this court may be waived by a failure to object or move for a dismissal of the appeal until after final submission in this court; but if proper steps are taken before such submission the appeal will be dismissed.

3.    Appeal and Error—Filing of Transcripts.—Judgment was rendered on October 23, 1916. On October 11, 1918, a copy if it was filed in this court and an appeal granted. At the same time an order was entered giving appellant till January 1, 1919, to file transcript, during which time no transcript was filed, nor was any further time given. September 24, 1920, motion was entered to file the transcript, which was lodged, and four days thereafter the motion was sustained, and the transcript filed. Subsequent thereto and before submission appellee entered motion to dismiss the appeal because of failure to file transcript in time, which motion was passed until a hearing on the merits. Held, that on such hearing the motion must be sustained and the appeal dismissed.

MORRIS & JONES and CLEON K. CALVERT for appellant.

JESSE MORGAN, E. H. DUNN and B. P. WOOTON, WOOTON & WOOTON for appellee.

OPINIÓN OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

The judgment appealed from was rendered by the Leslie circuit court on October 23, 1916. A copy of it was filed with the clerk of this court, and an appeal was granted, on October 11, 1918, just twelve days before the expiration of the time allowed for taking an appeal. On the same day the appeal was granted, and pursuant to notice, the appellant moved and obtained leave for time to file the transcript in this court till January 1, 1919. It was not filed within the time given, nor was there any motion made or order entered extending that time, and no motion whatever was made in the case until September 24, 1920, when appellant moved for permission to file the transcript, which motion was sustained four days thereafter, and the transcript was accordingly filed. Before the submission of the cause, and on January 28, 1921, the appellee entered motion to dismiss the appeal upon the ground that the transcript had not been filed as required by the prevailing practice, which motion was passed till the hearing of the appeal on its merits, the case not being submitted in this court until March 11, thereafter.

Section 738 of the Civil Code, prescribing the time within which the transcript for an appeal to this court may be filed, says: "The appellant shall file the transcript in the office of the clerk of the Court of Appeals at least twenty days before the first day of the second term of said court next after the granting of the appeal, unless the court extend the time; as, for cause shown, the court may do." Section 740 in part provides that "if he (appellant) fail to file the transcript within the time allowed by section 738, or by the court pursuant thereto, his appeal shall be dismissed:" and section 745 provides that "An appeal shall not be granted except within two years next after the right to appeal first accrued," unless the party applying was laboring under certain specified disabilities, which do not exist in this case.

The general rule of practice, as adopted and enforced by a majority of the courts, as will be seen from Elliott on Appellate Procedure, sections 111 and 128, and 3 Corpus Juris, 1069, is that *every* step necessary to perfect and complete the appeal must be made within the time prescribed for taking it, which, as we have seen, with us is two years from the rendition of the judgment. But, this court has construed the sections, *supra,* of our Code, as giving the right to the appellant to file the transcript "twenty days before the first day of the second term of said court next after the granting of the appeal," although that time might be more than two years after the rendition of the judgment, because of the fact that the appeal was not prosecuted from an order granting it by the trial court, but by filing a copy of the judgment with the clerk of this court before the expiration of the two years, and obtaining leave to thereafter file the transcript within a designated time. However, as will be seen from the opinions of this court cited below, the transcript must be filed within the extended time, or within a renewal of the extension made before it expired, else the right of appeal is lost.

The above requirements are mandatory, and even this court is without jurisdiction to disregard them by permitting the transcript to be filed contrary thereto. Wearen v. Smith, 80 Ky. 216; Western Union Telegraph Co. v. Johnson, 100 Ky. 589; Hernstein v. Depue, 23 Ky. L. R. 1498; Langhorn, Johnson & Co. v. Wiley, 120 Ky. 511; Home Building Association v. Bruner, 134 Ky. 361; Edleson v. Edleson, 173 Ky. 252; McCallister's Admr. v.

Stanley, 186 Ky. 836; Hays v. Jenkins, 190 Ky. 518, and Proctor v. L. & N. R. R. Co., 192 Ky. 330.

In the Home Building Association case, and in the more recent one of Hays v. Jenkins, *supra,* it was expressly held that "An extension of time (for filing a transcript) cannot be granted unless application is made, before the expiration of the time for filing the transcript, as provided by section 738, *supra,*" upon the ground as stated, that "when the time had expired, there is nothing for the court to extend." In support of the quoted statements some of the cases, *supra,* are cited, as well as that of Williamson v. Maynard, 135 Ky. 29. Under the announced rule of practice in those cases, an extension of time to file the present transcript, given after January 1, 1919, in the absence of a further extension, was not legally done and no order, though considered as tantamount thereto, could be any more effective.

In this case, therefore, we were without authority to permit the transcript to be filed at any time after January 1, 1919, when the extended time expired, unless that time had been further extended before such expiration, which was not done. So that, the order of September 28, 1920, permitting the transcript to be filed, was wholly unauthorized and void, and is therefore not binding upon a consideration of the appeal on its merits, since orders relating to and concerning appellate practice, made in this court during the pendency of the appeal, are but interlocutory and do not amount to a binding adjudication thereafter, or when the appeal is finally disposed of. It was so held with reference to an order granting a cross appeal in the case of City of Henderson v. Redman, 185 Ky. 146, on page 155.

But, it is insisted that under the rule, as announced in the cases of Welch v. National Cash Register Co., 103 Ky. 192; Edwards v. Logan, 24 Ky. L. R. 678, and Nickells v. Citizens Bank, 109 Ky. 641, and others therein referred to, appellee waived the right to have the appeal dismissed; but a reading of those cases will at once refute that contention, since the most that they hold is that the right to a dismissal of the appeal is waived unless the motion therefor is made before the appeal is submitted in this court on its merits, which, however, is not true here, for the order of submission was not made until nearly

two months after the motion to dismiss was entered and passed to a consideration of the case upon its merits.

We, therefore, conclude that under no view of the case, or any rule of practice as announced by this court, have we jurisdiction to entertain this appeal. The motion to dismiss it must be and it is sustained, and it is dismissed.