## Edge v. City of Lexington (eleven actions)
### Craig v. Same (two cases)
### Stilz v. Same.
#### (Decided April 24, 1936.)

B. D. BERRY and J. A. EDGE for appellants.

J. P. JOHNSTON and W. B. GESS for appellee.

OPINION OF THE COURT BY JUDGE STITES—Dismissing appeals.

The foregoing appeals were granted by the clerk of this court and a motion has been made to dismiss each of them on the ground that the transcript was not filed in the office of the Clerk 20 days before the first day of the second term after the granting of the appeal, and within that time no extension of time was obtained as required by section 738, Civil Code of Practice.

The facts are: The appeal of J. A. Edge v. City of Lexington, No. 16853, was granted on March 7, 1935. On August 27, appellant filed affidavit and motion for time to December 1, to file transcript of record, and the motion was sustained. On December 19, 1935, appellee filed motion to dismiss the appeal with damages. On December 21, 1935, appellant filed affidavit, notice, and motion for time to February 1, to file transcript of record. The basis of the motion was that the record had been lost and could not be found.

The appeals in all the other cases were granted by the clerk of this court on April 18, 1935, and appellant in each case moved that he be given until 20 days before the next fall term to file a complete transcript of the record. The motion in each case was overruled for the reason that the appellant had already had until after December 1, and until 20 days before the January term, 1936, to file the transcript.

The Code provides that appellant shall file the transcript in the office of the clerk of the Court of Appeals at least 20 days before the first day of the second term of said court next after the granting of the appeal, unless the court extend the time, as for cause shown the court may do. Section 738, Civil Code of Practice. The section applies to appeals granted by the clerk of this court. Wearen v. Smith, 80 Ky. 216. Also it is mandatory, and this court has no discretion in the matter. Hernstein v. Depue, 65 S. W. 805, 23 Ky. Law Rep. 1498; Cline v. Cline, 198 Ky. 585, 249 S. W. 348. The only case in which an extension of time for filing the transcript was granted was that of Edge v. City of Lexington, No. 16853, and the time was extended until December 1, 1935. The transcript was not filed within the extended time, nor did appellant within that time ask for further extension of time, but entered his motion on December 9, 1935. In the circumstances the motion came too late, and no further extension of time may be granted. Hatfield v. Cline, 141 Ky. 655, 133 S. W. 551; Nave v. Riley, 146 Ky. 276, 142 S. W. 388; Hays v. Jenkins, 190 Ky. 518, 227 S. W. 797.

As all the other appeals were filed after the beginning of the April term, 1935, appellants had until 20 days before the January term, 1936, to file the transcripts. The only grounds on which the motion to dis-

miss the appeals is resisted is that there was pending in this court a motion to determine whether or not damages could be awarded on the dismissal of the appeals granted by the lower court in the same actions, and a further motion asking for an extension of time for filing the transcript in the case of J. A. Edge v. City of Lexington, No. 16853. As before stated, however, the motion in the latter case came too late, and any ruling which the court might make in the appeals granted below could not in any wise affect the mandatory duty of appellants to file the transcripts within the required time. Indeed, so strict is the law on the subject that if appellant fails to file the transcript within the time allowed by the Code, and the time has not been extended, the appeal must be dismissed, though appellant shows after the expiration of the time a good reason for the delay. It follows that all the appeals will have to be dismissed. Alford v. Guffy, 97 S. W. 369, 30 Ky. Law Rep. 54; Striger v. Carter, 190 Ky. 319, 227 S. W. 448.

The only remaining question is, whether the appeals should be dismissed with damages. This question was answered in the affirmative on the dismissal of the appeals granted below in the same actions. Lena B. Maiden Craig v. City of Lexington and consolidated cases 263 Ky. 798, 93 S. W. (2d) 852.

It is unfortunate that appellants will have to pay double damages, but the purpose of the Code provisions is to prevent unnecessary delay in the prosecution of appeals, and there is no escape from such liability where appellants not only prosecuted appeals granted below, but separate appeals granted by the clerk of this court, and in both instances failed to file the transcripts within the time provided by the Code.

Wherefore, the appeals are dismissed, with damages.