## Craig v. City of Lexington (two cases)
### Stiltz v. Same
### Edge v. Same (ten cases)
(Decided April 24, 1936.)

B. D. BERRY, J. A. EDGE, and R. W. KEENON for appellants.
WILLIAM B. GESS for appellee.

OPINION OF THE COURT BY JUDGE STITES—Overruling motion.

The foregoing cases involve a common question, which will be considered in one opinion.

In each case a personal judgment for taxes was rendered, and an appeal granted. The appellant in each case failed to file the transcript in the office of the clerk of this court 20 days before the first day of the second term after the granting of the appeal, and did not obtain an extension of time, as required by section 738, Civil Code of Practice. After the time for filing the appeal had expired, appellee in each case filed a copy of the judgment and a copy of the supersedeas bond, and moved the court to dismiss the appeal with 10 per cent. damages. The motion was sustained on the authority of Carey-Reed Company v. Hart, 238 Ky. 391, 38 S. W. (2d) 261. Thereupon the appellant in each case moved the court to withdraw the mandate and set aside so much of the order as allowed 10 per cent. damages. Having been prematurely issued, the mandate in each case was withdrawn, and the other part of the motion was passed for further consideration.

In view of its importance, the question has been considered by the whole court.

It is provided by section 764, Civil Code of Practice, that upon the affirmance of, or dismissal of an appeal from, a judgment for the payment of money, the collection of which in whole or in part has been superseded, 10 per cent. damages on the amount superseded shall be awarded against the appellant. In construing this section the court has uniformly held that 10 per cent. damages will be awarded in cases where the judgment is for the payment of money which may be enforced by execution or similar process. Sumrall v. Reid, 2 Dana, 65; Leopold v. Furber, 84 Ky. 214, 1 S. W. 404, 8 Ky. Law Rep. 198; Hall v. Dineen, 120 Ky. 483, 87 S. W. 275, 27 Ky. Law Rep. 886. But it is suggested that a personal judgment for taxes cannot be rendered, and the case of Bell's Trustee v. City of Lexington, 124 Ky. 463, 99 S. W. 344, 30 Ky. Law Rep. 609, is relied on. That case is not controlling, for the reason that there was no judgment for the payment

of money, and the case was decided before the enactment in 1918 of section 3187g, Kentucky Statutes, reading in part as follows:

"Taxes which remain unpaid in whole or in part after same becomes due, with interest and penalty thereon, shall be deemed a debt from the owner of the property on which the taxes are assessed, to the city arising as by contract, and may be enforced as such by all remedies given for the recovery of debt in any court of this Commonwealth otherwise competent for that purpose."

This language is susceptible of only one meaning. It makes taxes a debt from the owner of the property as if arising by contract, and the provision that the debt may be enforced as such by all remedies given for the recovery of debt in any court of the commonwealth otherwise competent for that purpose plainly authorizes a personal judgment for money which may be enforced by execution. Such was the construction of the statute in Martin v. City of Lexington, 183 Ky. 714, 210 S. W. 483.

But the further point is made that in some instances the taxes were assessed before the present owner acquired title, and that for this reason no personal judgment should have gone. Only in the case of J. A. Edge v. City of Lexington, No. 18420, does the judgment show that any of the taxes included in the personal judgment were assessed prior to the purchase of the property by the present owner. The statute makes taxes which remain unpaid in whole or in part "a debt from the owner of the property on which the taxes are assessed * * * arising as by contract," and it is our opinion that, though as between the seller and purchaser, the seller may be liable for the taxes, every person who becomes 'the owner of property on which the taxes have not been paid is personally liable therefor to the city. Hence, the judgment was not erroneous in that it included taxes assessed prior to its purchase by Mr. Edge.

Lastly it is insisted that in some instances the personal judgment included taxes for street improvements 'for which there is no authority for personal judgment. A careful examination of the records dis-

closes that only liens for street improvement taxes were awarded, and in no instance was there a personal judgment for such taxes.

Wherefore, the motion to set aside so much of the order dismissing each of the actions with 10 per cent. damages is overruled.