## Staton et al. v. Hungerford et al.

Nov. 10, 1942.

42

O. T. Hinton and Willis Staton for appellants.

A. E. Auxier for appellees.

OPINION OF THE COURT BY JUDGE REES—Dismissing Appeal.

This appeal is from a judgment rendered in the Pike circuit court March 31, 1939, vacating a judgment rendered December 9, 1933, in an action styled "Jeff Davis et al. v. Richard Thompson, Business Administrator," and canceling a deed executed pursuant to that judgment by the master commissioner of the Pike circuit court to Eliza Staton.

The appellees moved to strike from the records of this court the partial transcript filed by appellants and to dismiss the appeal, and the motion was passed to the merits. The motion must be sustained because the appellants failed to comply with the provisions of Sections 734 and 738 of the Civil Code of Practice. The judgment was rendered March 31, 1939, and Eliza Staton and Willis Staton prayed and were granted an appeal by the circuit court, but they failed to perfect the appeal. On March 28, 1941, two days before the expiration of the time for taking an appeal, a copy of the judgment was filed in the office of the clerk of the Court of Appeals, but was not accompanied by a motion or application for an appeal. Nothing further was done until September 5, 1941, when a partial transcript of the record was filed. On the same day a statement of appeal was filed which included an application to the clerk of the Court of Appeals to grant the appeal. Section 745 of the Civil Code of Practice provides that an appeal shall not be granted except within two years next after the right to appeal first accrued, and Section 734 provides that an appeal shall be granted as matter of right by the court rendering the judgment on motion made during the term at which it is rendered or thereafter by the clerk of the Court of Appeals on application of either party, or his privy, upon filing in the office of said clerk a copy of the judgment from which he appeals. Merely filing in the office of the clerk of the Court of Appeals a copy of the judgment is not

sufficient to authorize the clerk to grant an appeal. A motion or application to have an appeal granted must be made. This precise question was presented in Wright's Adm'r v. Lexington & E. Ry. Co., 111 Ky. 690, 64 S. W. 675, 676, where the court said:

"The section [734 Civil Code] gives the party desiring it an appeal as a matter of right. Having failed to file the transcript within the time required by law, it was necessary, if appellant desired to have an appeal granted, to make application therefor to the clerk of this court, upon filing in his office a copy of the judgment. This may be done on filing the judgment alone, or filing the transcript containing the judgment. It is not made the duty of the clerk, any more than it is the duty of the court below, to grant an appeal without application. The party who desires it granted must make application therefor in the one case as in the other. The mere filing of the transcript in the office of the clerk of this court is not of itself an application to have the appeal granted."

To the same effect are Kelly v. Shacklette, 290 Ky. 430, 161 S. W. (2d) 612; Imperial Bank of Olive Hill v. Commonwealth ex. rel. Bruner, 138 Ky. 746, 129 S. W. 95.

Even if appellants had filed a copy of the judgment in the office of the clerk of this court and made an application to the clerk for an appeal on or before March 30, 1941, and the appeal had been granted, we would have to strike the transcript and dismiss the appeal since the transcript was not filed in compliance with the requirements of Section 738 of the Civil Code of Practice. That section provides:

"The appellant shall file the transcript in the office of the clerk of the Court of Appeals at least twenty days before the first day of the second term of said court next after the granting of the appeal, unless the court extend the time; as, for cause shown, the court may do."

The transcript was not filed within the time required by Section 738, and no motion to extend the time was made. We have held that this section is mandatory, and that this court has no discretion in the matter. Edge v. City of Lexington, 263 Ky. 801, 93 S. W. (2d) 854; Wermeling v. Wermeling, 224 Ky. 107, 5 S. W. (2d) 893; Kudelle v. Vizzard Inv. Co., 194 Ky. 604, 240 S. W. 54; Hern-

stein v. Depue, 65 S. W. 805, 23 Ky. Law Rep. 1498. Section 740 of the Civil Code of Practice provides that if the appellant fails to file the transcript within the time allowed by Section 738 his appeal shall be dismissed.

We have read the record and the briefs filed on the merits of the case, and if we had jurisdiction to entertain the appeal we would have to affirm the judgment. We are without jurisdiction, however, and the motion to strike the transcript and to dismiss the appeal is sustained, and the appeal is dismissed.