## Hudnall v. Fleenor.

Oct. 2, 1945.

498

Chas. R. Ball for appellant.

Otto C. Martin for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Dismissing appeal.

In the recent primary appellant and appellee were candidates for the Republican nomination for circuit clerk. Upon a canvass the election commissioners certified that appellee had received a majority of the votes cast. Within the time and manner provided by 122.060 appellant requested a recount. The court in conformity with the section, supra, set a day for the recount. The court first took up the question of the integrity of the ballots, and upon hearing a number of witnesses touching thereon, found that from the time the county clerk receipted for the ballot boxes he had had neither their possession, custody nor control, but had turned them over to a janitor, who exercised custody and control.

There was litle dispute in the proof on which the order declining to recount was based, and from which ruling this appeal is prosecuted. The record before us shows that the judgment was rendered and entered on August 25, and supersedeas filed on same day; the record was filed in the office of the clerk of this court on September 4, 1945, and appellee moves to dismiss for want of jurisdiction.

Section 122.060 KRS, provides: "Either party may appeal from the judgment to the Court of Appeals * * * by filing the original papers and transcript of orders in the Court of Appeals within ten days after the entry of the judgment." The right to have a recount is purely statutory, and the provisions must be fully complied with to give this court jurisdiction. Any action brought under the statute is a special proceeding, and the remedy is exclusive. Gross v. Ball, 258 Ky. 730, 81 S. W. 2d 409; Anderson v. Likens, 104 Ky. 699, 47 S. W. 867. The

rule is that where the computation is to be made for the act done, then the day of the doing of the act must be included, but if the time is computed from a day, the day must be excluded. Louisville City Railway v. Wellington, 137 Ky. 719, 126 S. W. 370, 128 S. W. 1077, and the recent case of Wolford v. Com. of Ky., 300 Ky. 491, 189 S. W. 2d 680.

Appellant concedes the rule above mentioned, but in avoidance shows by affidavit that the transcript of evidence was not approved until August 31. It is not contended that in the face of the statute, supra, the time for filing should be computed from this date but given as a reason for not placing the transcript in the mail before that date. It may be noted that in Roby v. Croan, 177 Ky. 9, 197 S. W. 456, we held that no formal bill of exceptions is required. The affidavit states that as soon as the transcript was signed, the record was placed in the mail, addressed to the clerk of this court; that in ordinary course it should have reached Frankfort on the following morning; that the custom of the post office was not to deliver mail on Saturday afternoon, and state officers and employees took half holiday on Saturdays; that the day following was Sunday, and the next day Labor Day, which by 2.110, KRS, is set apart as a holiday on which "no person shall be compelled to labor."

It is contended by appellant that to turn the motion to dismiss on the probable issue of a one-half holiday custom (Saturday) and the definite holiday (Labor Day) will unjustly deprive him of his legal right to have his appeal decided on its merits. In final analysis the contention is that because September 3d, the last day on which the filing would, under the statute and our rulings, have given the court jurisdiction, was a legal holiday, it should not be included as a day in computation of the time. The statutes do not so provide.

Appellant cites Black v. National Bank of Kentucky, 226 Ky. 152, 10 S. W. 2d 629, where in construing sec. 463, Civil Code of Practice, which provides for a filing of traverse and bond in a detainer case, within three days next after the finding, we held appellant excused from compliance where the traverse was filed one day too late under the following circumstances. The judgment in the Justice's court had been rendered on October 10, and the traverse and bond were not filed until October 13, because

since October 12 was a legal holiday the Justice's office was closed and an effort on the part of appellant to locate him failed. We wrote in that case that the three days mentioned in the Code, supra, meant juridical days, days on which the court was in session. This ruling was based on an opinion in Witt v. L. & E. R. Co., 158 Ky. 401, 165 S. W. 399. We were there dealing with a belated motion for a new trial, where the motion is required to be made at a "term of court." We note on the point involved, the Black case has not been cited in this court since its rendition, and we find it to be in opposition to the great majority of such cases.

In Tennessee Central R. R. Co. v. Reeves' Adm'r, 143 Ky. 467, 136 S. W. 870, where the appeal was filed too late, we held that it was incumbent on the appellant to have the time for filing the record extended when the bill of exceptions was not filed in time, although it was delayed by appellee. To the same effect is Wickliffe v. Turner, 149 Ky. 379, 149 S. W. 833. In Staton v. Hungerford, 292 Ky. 41, 165 S. W. 2d 967, 968, where a transcript on appeal was filed too late under sec. 738 of the Civil Code of Practice, we said: "The transcript was not filed within the time required by section 738, and no motion to extend the time was made. We have held that this section is mandatory, and that this court has no discretion in the matter," citing Edge v. City of Lexington, 263 Ky. 801, 93 S. W. 2d 854; Wermeling v. Wermeling, 224 Ky. 107, 5 S. W. 2d 893; Kudelle v. Vizzard Inv. Co., 194 Ky. 604, 240 S. W. 54, and others.

In the Edge case [263 Ky. 801, 93 S. W. 2d 855] we found appellant had not complied with sec. 738, Civil Code of Practice, and said in reference to the requirements: "Indeed, so strict is the law on the subject that if appellant fails to file the transcript within the time allowed by the Code, and the time has not been extended, the appeal must be dismissed, though the appellant shows after the expiration of the time a good reason for the delay." Striger v. Carter, 190 Ky. 319, 227 S. W. 448; Hernstein v. Depue, 65 S. W. 805. In Smith v. Commonwealth, 146 Ky. 751, 143 S. W. 381, 382, we said: "We have repeatedly held that the provisions of section 336 are mandatory, and that, to enable us to entertain jurisdiction * * * a certified transcript of the record must be filed [in the prescribed time]. Moreover [we have held]

that the provisions of the Code cannot be dispensed with by agreement of parties; nor can the fact that the record was mislaid by the clerk, and not found or filed, until after 60 days, confer jurisdiction." (Citing cases.) We cited the Smith case in Ledington v. Com., 256 Ky. 678, 76 S. W. 2d 910, where affidavit showed that the transcript was placed in the mail on August 10, and should have reached the clerk's office on the next day. The record was indorsed filed on the 14th, two days late. We held that this court was without jurisdiction and dismissed the appeal.

We are aware that there are some cases where we have held that due to some casualty or unforseen circumstances, we have overruled motion to dismiss on the ground of late filing. Here, however, we are not inclined to waive the almost universal rule. The delay in placing the record in the mail may be traced to the failure of appellant, chargeable with the knowledge of the approaching Sunday and holiday, to see to it that the transcript of testimony consisting of less than 60 pages was sooner perfected. Under the rulings we have noted, we are of the opinion that the failure to get the record in the office of the clerk within the prescribed time requires us to sustain the motion to dismiss.

However, we do not deem it improper to say that notwithstanding the motion to dismiss, we have carefully considered the evidence upon which the court based dismissal, as we did in the companion case (Mitchell v. Demunbrun, 300 Ky. 477, 189 S. W. 2d 682), and conclude that had it been considered on merits an affirmance would have followed.

Appeal dismissed.