**ELIZABETHTOWN LINCOLN-MERCURY, Inc. v. TUCKER.**

Court of Appeals of Kentucky.
June 19, 1951.

848

J. Howard Holbert, Elizabethtown, for appellant.

J. T. Hatcher, Elizabethtown, for appellee.

COMBS, Justice.

This appeal is from a judgment of the Hardin Circuit Court entered upon the verdict of a jury in favor of appellee, Joe Tucker, against appellant, Elizabethtown Lincoln-Mercury, Inc., in the amount of $1,350.

On or about March 31, 1949, appellee was employed by W. C. Routt, President and principal stockholder of appellant Company, as shop foreman in the Company's garage located in Elizabethtown, Kentucky. On that date Mr. Routt wrote in his own handwriting on stationery bearing the name of "Routt Motor Company," the following memorandum:

"60 per week plus 5% comm plus 1000 Bonus which he will buy stock in Corp if Joe stays one yr & will stay on & hold ~~service labor~~ customers paid service labor up to 2500 per month.

"W. C."

Prior to appellee's employment by appellant, he resided at Williamson, West Virginia. He moved his family from Williamson to Elizabethtown shortly after March 31, and continued in appellant's employment until June 15, 1949. He contends that on that date he was summarily, and without cause, discharged by Mr. Routt, the President of the Company. Appellant contends that appellee quit his job of his own volition. Appellee, in his petition, sought damages in the amount of $4,961

for the alleged breach of the contract of employment.

Appellant contends the verdict is not supported by the evidence, and was rendered as a result of passion and prejudice on the part of the jury; that the trial court erred in refusing to give instructions offered by appellant, and that the memorandum of the contract between the parties is not sufficient to meet the requirements of the Statute of Frauds.

 The only witness introduced by appellee, other than himself, was his wife. Seven witnesses testified for the appellant. Appellee's testimony, however, is clear and convincing, and is supported to some extent by the admitted facts and circumstances. All of the witnesses for appellant, with one exception, were either employees or former employees of the Company, and the jury had the right to take this into consideration in weighing their testimony. Most of the testimony of these witnesses, except that of W. C. Routt, concerns certain statements which were alleged to have been made by appellee, both before and after the termination of his employment with appellant. No witness, other than the parties themselves, attempted to testify as to what actually occurred between Mr. Routt and appellee at the time appellee's employment was terminated, and it was a question for the jury to decide whether appellee voluntarily quit his employment, or was discharged. The jury decided in favor of appellee and there is sufficient evidence to support the verdict.

Appellant's other two contentions relate to the sufficiency of the memorandum of the contract. KRS 371.010, commonly referred to as the "Statute of frauds", insofar as applicable, provides:

"No action shall be brought to charge any person:

\* \* \* \* \* \*

"(7) Upon any agreement that is not to be performed within one year from the making thereof; unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by

his authorized agent. The consideration need not be expressed in the writing, but it may be proved when necessary or disproved by parol or other evidence."

 As heretofore pointed out, the memorandum is in the handwriting of the President of appellant Company, is written on stationery of the Company, recites, in a general way, the terms of the employment, and is signed "W. C.," which are the first two initials of the President of the Company. We think it meets the requirements of KRS 371.010. Putnam v. Producers' Live Stock Marketing Ass'n, 256 Ky. 196, 75 S.W.2d 1075, 100 A.L.R. 828, and cases therein cited.

Furthermore, according to the positive testimony of appellee, and we find no evidence to the contrary, the contract of employment was for only one year, commencing March 31, 1949 and ending March 31, 1950. The memorandum written by Mr. Routt is susceptible of that interpretation, and, under those circumstances, the contract was not required to be in writing. Ross and Rayner v. Columbus Mining Company, 204 Ky. 474, 264 S.W. 1071.

Appellant requested the court to instruct the jury that if the contract between the parties was not in writing and was to cover a period of more than one year, the contract was void and appellee had the right to quit his employment at any time, and appellant had the right to discharge him at any time. The proposed instruction was properly refused. It was for the court to decide whether the memorandum of the contract was sufficient to take the case out of the Statute of Frauds, and, as heretofore pointed out, it is our opinion it was sufficient for this purpose.

There is no contention the verdict is excessive. The verdict shows it was the jury's intention to allow appellee the sum of $60 per week from June 15, 1949 to November 19, 1949. The jury were told, by proper instructions, that it was appellee's duty to minimize his damages, and there is evidence that after he left appellant's employment he earned some money at other jobs. The jury apparently took this into consideration in arriving at its verdict.

The trial court granted appellant an appeal to this Court on November 30, 1949. The transcript of the record was not filed with the Clerk of this Court until April 24, 1950, which was not within the time allowed by section 738, Civil Code of Practice. At the time the record was filed, appellant requested and was granted an appeal by the Clerk of this Court. Before the case was submitted, appellee filed motion to dismiss the appeal granted below. The motion was overruled, but it should have been sustained. Edge v. City of Lexington, 263 Ky. 801, 93 S.W.2d 854. The order overruling the motion to dismiss the appeal granted by the trial court is withdrawn, and that appeal is hereby dismissed.

The judgment on the appeal granted by the Clerk of this Court is affirmed.